Filed September 25. 1895.

---

No. 17,325.

MICHENER ET AL. *v.* THE SPRINGFIELD ENGINE AND THRESHER COMPANY ET AL.

INJUNCTION. —*Want of Equitable Jurisdiction.* — *Dismissal.* —*Action to Enjoin Execution and Judgment.* —A. suit to enjoin an execution and judgment cannot be dismissed on the ground of a want of equity jurisdiction, because there is a remedy at law, where the same judge, under a reformed system of procedure, exercises both law and equity powers, and the facts show a right to legal relief, which can be granted on amendment of pleadings.

SAME. —*Against Judgment at Law.* —*Legal Remedy.* —An injunction against the enforcement of a judgment at law cannot be granted where there is a legal remedy by review, in a code proceeding which is as practicable and efficient.

PLEADING. — *Complaint for Review of Judgment.* — *Exhibit.* — A complaint for review of a judgment, under R. S. 1894, section 627, must set forth as an exhibit a complete transcript of the judgment, or so much thereof as is necessary to fully present the error complained of.

REVIEW OF JUDGMENT. —*Guarantor.* —*Indorser.*—*Promissory Note.*— *Statute Construed.* —An accommodation guarantor or indorser of a note is entitled to review a judgment against him, under R. S. 1894,

section 627, without reviewing the judgment against the makers, where after the judgment against him the makers defeated the claim against them in the same action, on the ground of failure of consideration.

From the Howard Circuit Court.

*Bell & Purdum, C. P. Pollard* and *Morrison & Holman,* for appellants.

*Blacklidge, Shirley & Moon,* for appellees.

McCABE, C. J.—The appellant, James B. Michener, brought this suit against The Springfield Engine and Thresher Company, and Edgar A. Simmons, sheriff of Howard county, concluding with a prayer, to enjoin an execution and judgment against him, and for all just and proper relief and for satisfaction thereof. It appears from the complaint that John H. Kennedy, Benjamin E. Hockstedler and Christian Kly, as principals, on December 1, 1888, executed three several promissory notes, to the appellee company, amounting in the aggregate to $415.00 in consideration of a sale to them by said company of a separator engine and thresher of its manufacture; that after the execution of said notes, appellant, Michener, wrote his name across the back of each as accommodation guarantor or indorser thereon; that after the maturity of the $140.00 note, it was paid by said principals; that afterwards, the next note falling due, calling for $137.50, said payee brought suit on both of the unpaid notes against the principals and appellant, as indorser, and on July 12, 1890, appellant was defaulted and judgment was rendered thereon against him for $339.08, and costs taxed at $21.90; that said judgment against him was based exclusively on his said indorsement of said notes ; that Kennedy, Hockstedler and Kly appeared and thereafter made defense to said action, and at the March term

of said court, for 1892, upon the issues duly formed between them and said company, a trial thereof resulted in a verdict and judgment in their favor, namely, that the consideration of said notes had wholly failed, and that said plaintiff company take nothing by their suit, and that said defendants recover their cost; that notwithstanding the full discharge of said principals, by said judgment, which remains in full force, the said company is trying to collect said judgment against the appellant, and to that end caused an execution to issue thereon for the aforesaid amount thereof, and the aforesaid amount of costs, less a credit of $70.00, and placed the same in the hands of the sheriff of said county, Edgar A. Simmons, made a defendant in the complaint, which he still holds and threatens to levy on the property of appellant and to sell the same to satisfy said writ. The court overruled appellee's demurrer to the complaint, the demurrer being based on the ground of the alleged insufficiency of the facts in the complaint to constitute a cause of action. Appellees call in question this ruling by assigning cross-error thereon.

The appellee company moved the court to dismiss the cause for want of jurisdiction, which motion the court sustained and dismissed the cause for want of jurisdiction. This ruling is questioned by the assignment of errors by the appellant.

The ground upon which the learned counsel for appellees seek to support the action of the trial court is that this being an application to a court of equity for the extraordinary relief by the way of injunction, it has no jurisdiction of the cause, because the plaintiff had a plain and adequate remedy at law, and that he had such remedy at law; they cite, *Ross* v. *Banta*, 140 Ind. 120.

It was there held that a judgment by which the party recovering it had secured an unfair advantage, and wher-

ever by accident, mistake, fraud, or otherwise, an unfair advantage has been obtained in the proceedings at law, and it is against conscience to make use of such advantage, a court of equity will restrain the party from making use of the same ; and after judgment any facts which prove it to be against conscience to execute such judgment and of which the injured party could not avail himself in defense of the suit, will authorize the court to interfere by injunction, and restrain the party from enforcing the judgment.   But we held in that case that the facts which gave rise to the appellant's right to relief occurring after the rendition of the judgment against him constituted material new matter under our code, authorizing a review, though it would not have authorized a review prior to the code.   And that the remedy of review of a judgment at law authorized by the code was a remedy at law and was adequate and therefore denied the relief by injunction.

It is therefore contended by the appellee company that the discharge of the principals on the trial after the judgment against the surety were facts occurring after the judgment against the surety, constituting "material new matter discovered since the rendition of the judgment," and hence that entitled appellant to the remedy of review, excluding him from the right to the extraordinary remedy by injunction.

This contention granted would by no means justify the assumption that the trial court had no jurisdiction, and rightly dismissed the cause for want thereof.   When the two jurisdictions of law and equity were separate, it might, under that system, when the plaintiff's cause of action stated by him in a court of equity, was of such a nature as that it fell within the exclusive jurisdiction of a court of law, the court of equity had no jurisdiction of the subject-matter and it could take no other action in the

matter than to dismiss the cause for want of jurisdiction. This was so because courts of equity had no other powers than equity powers. Not so in our reformed system of procedure. Not only does the same judge under that system exercise both law and equity powers, but he exercises both legal and equitable jurisdiction and administers both legal and equitable relief in each case, when the facts pleaded and proved warrant it. How then can the cause be dismissed for want of jurisdiction merely because the plaintiff asks for equitable relief, while the facts show that he is entitled to legal relief? The court being clothed by the code with power and jurisdiction to administer both, or either legal or equitable relief in the same case, its jurisdiction is not and cannot be defeated by it appearing from the facts stated that the equitable relief sought cannot be awarded because such facts show that the only relief the plaintiff is entitled to is purely legal relief, and *vice versa*; nor is the jurisdiction defeated because the facts stated in the complaint are not sufficient to entitle the plaintiff to either legal or equitable relief. The remedy in such a case is a demurrer for want of sufficient facts. On the filing of such a demurrer the plaintiff may either amend his complaint pending the demurrer or he may amend it after the demurrer is sustained. By the dismissal of his cause the appellant was deprived of this right. If we could say that the complaint was so defective that it could not be so amended as to state facts sufficient to constitute a cause of action entitling the plaintiff to either legal or equitable relief, then we could very well hold that the result reached in the dismissal of the cause being the same that would have been reached in the sustaining of the demurrer, there was no available error, though the method of reaching the result was erroneous.

This leads us to inquire whether this complaint was so defective in its statement of facts as that it could not have been amended so as to state a cause of action either legal or equitable.

It is not contended by the appellees that it might not be so amended.

The complaint states and the demurrer admits, that appellant was an accommodation indorser, a mere surety for Kennedy, Hockstedler, and Kly on the notes which were the foundation of the judgment against appellant, and that afterwards in the same action said principals defeated said notes against them on the ground of failure of consideration. In *Bridges, Admr.,* v. *Blake,* 106 Ind. at page 335, it was said: "Upon its face the mortgage purported to be a contract of suretyship, and the general rule is that to enforce such a contract it is essential that the obligation against the principal must be subsisting. The extinguishment of the direct engagement of the principal, no matter how accomplished, extinguishes the collateral liability of the surety. *Baker* v. *Merriam,* 97 Ind. 539, and cases cited ; *State* v. *Blake,* 2 Ohio St. 147 ; Brandt Suretyship, etc., section 121."

But there are exceptions to this general rule. For instance, the discharge of the principal by the act of the law in which the creditor does not participate, will not release the surety. A familiar illustration of this rule is that the discharge of the principal in bankruptcy or under insolvent laws, on account of infancy, coverture or *non compos mentis,* does not discharge the surety. *Gregg* v. *Wilson,* 50 Ind. 490 ; *Post* v. *Losey,* 111 Ind. 74 ; Brandt Suretyship, etc., section 126 ; 24 Am. and Eng. Ency. of Law, 773. This author at section 125 says, and we think correctly, that, "If the principal is discharged because of matters inherent in the transaction,

even after judgment against the surety, the latter will be exonerated thereby."

But appellees' learned counsel contend that notwithstanding these principles entitling appellant to relief, he cannot invoke the aid of the extraordinary remedy of injunction for the reason that he had a plain, efficient, adequate, and complete remedy at law by a complaint to review on account of new matter arising since the rendition of the judgment against him in the defeat of the obligation against the principals. Citing *Ross* v. *Banta, supra,* in support of this contention. The judgment here involved being in the nature of a judgment at law, and as judgments at law can only be reviewed by virtue of the code, that remedy as was held in the case cited is a legal remedy.

But it is contended by the appellant that he is not bound to resort to the legal remedy if that remedy is not as practicable and efficient to the ends of justice and its prompt administration both in respect to the final relief and the mode of obtaining it as the equitable remedy; then the aid of equity and injunctive relief may be invoked.

That is the true rule in such cases. *Thatcher* v. *Humble,* 67 Ind. 444 ; *Bishop* v. *Moorman,* 98 Ind. 1 ; 1 Beach Injunc., section 32, and authorities there cited ; *Kilbourn* v. *Sunderland,* 130 U. S. 514 ; *Lewis* v. *Cocks,* 23 Wall, 470.

And it is further contended by appellant that the legal remedy is not as practicable and as efficient as the remedy by injunction, because he contends that a complaint to review would require him to seek to review the whole proceeding, and thereby, if successful, he would open the whole case, not only the judgment against himself but the judgment in favor of and discharging his principals from liability on the notes. If that is so, then

there could be no review at all of any part of the proceeding, because the only ground for saying that there is a right to review in appellant at all is on the ground of the new matter of the discharge of the principals in the notes after the judgment had been taken against the surety; and if to review on account of that matter means to review the other judgments exonerating and discharging the principals from liability on the notes as well as to review the judgment against the surety thereon, then there is no ground for review whatever.

The statute provides that "Any person who is a party to any judgment, etc., * * * may file in the court where such judgment is rendered a complaint for a review of the proceedings and judgment." R. S. 1894, section 622; R. S. 1881 section 615.

Under this statute appellant was entitled to review the judgment against him without disturbing the separate judgment in the same proceeding in favor of his principals. The general prayer for relief was broad enough in this case to have justified the court in awarding the legal relief of a review of that judgment, and the facts stated in the complaint only lacked one element to entitle the plaintiff to the legal relief of a review, and that was to file a transcript of the record of the judgment referred to and described in the complaint. The facts stated did not entitle the plaintiff to equitable relief by way of injunction, because they show that he had an ample legal remedy by review but did not as before observed justify the dismissal. It did not state facts sufficient to warrant the legal relief by way of review, because it did not set forth as an exhibit thereto a complete transcript of the judgment or so much thereof as is necessary to fully present the error complained of. *McDade* v. *McDade,* 29 Ind. 340; *Comer* v. *Himes,* 58 Ind. 573; *Meharry* v. *Meharry,* 59 Ind. 257; *White-*

*hall* v. *Crawford*, 67 Ind. 84; *Stevens* v. *City of Logansport*, 76 Ind. 498; *Funk* v. *Davis*, 103 Ind. 281. For that reason the court ought to have sustained the demurrer to the complaint and allowed the plaintiff to amend his complaint in this respect if he so desired. The judgment is therefore reversed, and the cause remanded, with instructions to overrule appellees' motion to dismiss and sustain the demurrer to the complaint with leave to the plaintiff to amend his complaint if he so desires.

Filed April 26, 1895; petition for rehearing overruled September 26, 1895.