STATE EX REL. WEAVER *v.* PAXSON ET AL.

[No. 26,890. Filed December 21, 1937.]

*Church, Chester & Holdeman,* for appellant.

*Hawley O. Burke,* for appellees.

HUGHES, J.—This is an action on the relation of John M. Weaver to mandate appellees to restore him to duty as a policeman in the police department of the City of Elkhart.

The only error assigned is the sustaining of appellee's separate and several motion to dismiss plaintiff's complaint and in denying appellant's motion to set aside the order of dismissal.

The complaint is very lengthy, but in substance, states the following as a basis for recovery: That on January 1, 1935, and long prior thereto the plaintiff was a member of the police force of the city of Elkhart, a city of the third class, that the defendant, Clyde Paxson, as mayor of said city, and with the other named defendants, constitute the board of public works and

safety of the city of Elkhart; that the plaintiff has been fraudulently, illegally, and unlawfully prevented from performing his services as a member of the police force; that he has never been discharged nor resigned from said police force; that said board, together with one A. Elmer Manning, chief of the police department, have unlawfully prevented the plaintiff from performing his services as a member of such department.

Plaintiff further states that on January 4, 1935, the said Manning advised the board of public works and safety, by written communication, that the plaintiff, John Weaver, and one Orlo C. Beard had voluntarily resigned from said department; that said board acted upon said communication on the 5th day of January, 1935; that said communication of said Manning was false and untrue and that said mayor and the city engineer knew said statement was untrue; that on January 5, 1935, he presented a written demand for reinstatement and that he be assigned for duty; that on January 8, 1935, the plaintiff filed his written petition to expunge the communication of January 4, 1935, of said Manning from the record.

The plaintiff further avers that no action was taken on said petition until December 10, 1935, at which time a *nunc pro tunc* order was made by the board of public works instructing the clerk to make an entry as of January 15, 1935, to the effect that on January 15, 1935, the board of public works and safety, having taken the petition or complaint of John M. Weaver and Orlo C. Beard filed by them on January 8, 1935, under advisement, finds that the matter in said petition or complaint did not state a cause of action and the petitioners were guilty of conduct injurious to the public peace and the welfare of the police department and conduct unbecoming officers and ordered that they be dismissed.

The plaintiff further avers that charges were filed against him and that he was ordered to appear before the board on March 4, 1936; that he appeared in person and by attorney and filed a motion to dismiss said charges and proceedings; that the same was overruled. Exhibit C, which is made a part of plaintiff's complaint, is an entry of the record of the board of public works in the matter of the charges filed against the plaintiff, states:

"WHEREAS, said charges were set for hearing on the 3rd day of March, 1936, at the hour of ten o'clock A. M., said defendants being present in person and by their attorney, Willard H. Chester, filed a written motion objecting to the jurisdiction of the Board of Public Works and Safety over the person of the defendants and subject matter, and the right of the Board of Public Works and Safety to try said defendants upon the charges heretofore filed; and having failed to plead over or withdraw said motion, the Board now makes the following order, and finds that said Orlo C. Beard and John M. Weaver quit and surrendered their position on the 1st day of January, 1935, as members of the Elkhart Police Department. That the Board of Public Works and Safety finds that Orlo C. Beard and John M. Weaver have waived their rights to a hearing; all of which is now ordered and adjudged by the Board of Public Works and Safety."

Plaintiff filed his complaint in the Elkhart Superior Court on February 26, 1937; on March 16, 1937, the defendants entered their special appearance and filed a motion and request to require a cost bond or put up security for costs. On March 25, 1937, the defendants filed a motion to dismiss plaintiff's complaint for the principal reason that plaintiff failed to file his complaint in the proper court within thirty (30) days from the date of his alleged wrongful dismissal as stated in his complaint and for his failure to file a bond as provided by law. On April 6, 1937, the motion to dismiss was sustained. On April 9, 1937, appellant prayed an

appeal to the Supreme Court which was granted. On May 4, 1937, plaintiff withdrew the appeal to the Supreme Court and filed a motion to set aside the order of the court dismissing the action. On May 22, 1937, this motion was overruled and plaintiff then appealed to this court.

It seems to us that the vital part of this case relates to the finding on charges preferred which is contained in Exhibit C, and which is made a part of plaintiff's complaint. The charges were filed on February 27, 1936. The plaintiff states in his complaint that charges were filed and that plaintiff was ordered to appear before the board on March 4, 1936, that he appeared in person and by attorney before the board at said time and filed a motion to dismiss the charges, which was overruled and it is shown in Exhibit C, heretofore set out, after the motion was overruled, the plaintiff, "having failed to plead over or withdraw said motion, the board now makes the following order and finds that said Orlo C. Beard and John M. Weaver quit and surrendered their position on the 1st day of January, 1935, as members of the Elkhart Police Department. That the Board of Public Works and Safety finds that Orlo C. Beard and John M. Weaver have waived their rights to a hearing; all of which is now ordered and adjudged by the Board of Public Works and Safety."

It is to be noted that the date of the finding and judgment is March 11, 1936, and the complaint was filed on February 26, 1937, almost one year after the finding and judgment.

Section 48-6105 Burns 1933, section 11478 Baldwin's 1934, provides: Any member of a police force who is dismissed from the force shall have the right to appeal to the circuit or superior court of the county, but such appeal must be taken by such party filing in such court, within thirty (30) days after the date of such decision

is rendered, a bond and a verified complaint stating in concise manner the general nature of the charges against him, the decision of the board thereon and a demand for the relief asserted by plaintiff. The condition of the bond being that the plaintiff will prosecute his appeal to a final determination and will pay all costs adjudged against the same.

It is clearly seen that the complaint was not filed within thirty (30) days after the decision or judgment and, as far as the record discloses, no bond was filed.

Under such circumstances the motion to dismiss was properly sustained. If it should be conceded that there were great irregularities in the proceedings herein from beginning to end, the fact remains that there was a judgment rendered by the board and the only way to obviate its effect was by an appeal to the circuit or superior court of the county as provided in said section 48-6105 (§11478 Baldwin's 1934). Manifestly this was not done and the lower court committed no available error in sustaining the motion to dismiss. The statute specifically provides that:

"Such city may file a motion to dismiss the appeal for failure to perfect the same within the time and manner required by this section."
Judgment affirmed.