LYTLE, APPELLEE, *v.* THE PENNSYLVANIA RD. CO.,
APPELLANT.

(No. 1113—Decided December 12, 1951.)

*Messrs. Critchfield, Critchfield, Critchfield & Johnston,* for appellee.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellant.

DOYLE, J. Property of Edward F. Lytle was damaged by water overflowing his land from a natural watercourse. In his action against the Pennsylvania Railroad Company, based upon the claimed negligence of the carrier proximately resulting in his damage, he alleged in substance that: On and prior to June, 1946, a watercourse passed through his premises in its natural channel; defendant's railroad tracks cross the aforesaid watercourse; some time prior to June, 1946, the defendant built a new bridge for the accommodation of its tracks over the channel of the stream, and, in so doing, erected a structure 14 feet 8 inches in length, with a clearance of 5 feet and 10 inches, whereas the old bridge which it replaced was 36 feet in length and had a clearance of 9 feet; "prior to the defendant's action, the natural flow from this watercourse passed through [under] the bridge without any interference whatsoever, and * * * the plaintiff had never been damaged by reason of any backwater, but when the defendant changed the * * * dimensions of the bridge, it interfered with the flow of the water. Said new bridge was insufficient to permit the water to flow free and uninterrupted"; and in June, 1946, following a rain which was "not unprecedented," the bridge, because it was not of sufficient length or space and clearance "to permit the water to flow uninterruptedly," caused the water to "back up" on the lands of the plaintiff.

Pursuant to trial, a jury rendered a verdict in favor of the plaintiff, and judgment was entered thereon. The present appeal to this court followed, and we now have before us various claims of error, which it is asserted are prejudicial, and deprived the defendant of a fair trial.

■ It has been suggested that the statute of limitations has run against this claim. The law on this point is well stated in 54 Corpus Juris Secundum, Limitations of Actions, Section 172 a, as follows:

"A cause of action for damages from an obstruction not in its inception unlawful as to plaintiff accrues when injury results from diversion of waters; but, where the obstruction is initially unlawful as to plaintiff the cause of action may accrue on completion of the obstruction or as soon thereafter as permanent injury therefrom becomes apparent."

Reference is made to the cases therein cited in support of the text.

In the instant case, the cause of action accrued, if at all, at the time of the flooding of plaintiff's property, and not at the time of the erection of the bridge. There is nothing to show that the erection of the bridge was unlawful in its inception.

■ Exceptions were taken to the general charge of the court to the jury, and especially to the court's failure to apply the rules of negligence and proximate cause to the pleadings and the evidence. It was claimed by the defendant throughout the case that plaintiff's damages were caused by a flood of unusual and extraordinary violence, and the fact that the court failed to explain to the jury what bearing such a circumstance would have on making a case of liability against the defendant was error of a prejudicial character.

The defendant likewise excepted to the court's refusal to give certain written requested instructions before argument of the case to the jury.

Attention will be now directed to one of the requested instructions, which the court refused to give before argument. It is in the following form: "You are instructed that the plaintiff cannot recover damages

from the defendant for any injury to his property which was caused by an unusual flood of the unnamed creek.''

If this is an accurate statement of the law, pertinent to the issues, and applicable to the factual situation to which it was intended to apply, a mandatory duty rested upon the court to give it in the form tendered. *Bradley, an Infant, v. Mansfield Rapid Transit, Inc.,* 154 Ohio St., 154, 93 N. E. (2d), 672.

It is a general principle of law that there devolves upon a company, in the construction of a bridge across a natural watercourse, the duty and obligation to provide and maintain an opening or openings for the natural flow of the waters, sufficient to afford an outlet for all of the waters that might reasonably be expected to flow, and this with reference to such freshets and usual and ordinary floods as might reasonably be expected.

The text in 8 American Jurisprudence, Bridges, Section 75, gives the rule as follows:

''* * * A duty, therefore, exists to use due care in the construction of bridges, * * * so as to make them adequate to carry off all the water which usually flows in the stream, including such usual and ordinary floods as may be reasonably expected to occur. Such duty does not extend to extraordinary or unprecedented floods * * *.''

See cases cited in support of this text.

The charge requested before argument, as heretofore noted, used the words ''unusual floods.'' If the words were understood to mean one so outside of ordinary experience that its occurrence was not reasonably to have been anticipated, then the words possibly would not tend to mislead. However, the word ''unusual'' is so indefinite and has so many shades of meaning that the charge, had it been given, would,

we believe, have tended to obscure rather than illuminate the true rule. We find no error in the court's refusal to give the instruction before argument. See: *Broadway Mfg. Co.* v. *Leavenworth Terminal Ry. & Bridge Co.*, 81 Kan., 616, 106 P., 1034, 28 L. R. A. (N. S.), 156.

However, reading further into the record, there may be found the following report of the proceedings at the conclusion of the court's general charge, but before the retirement of the jury:

"Mr. Roetzel: The defendant requests the court to instruct the jury as a part of the general charge as follows: You are instructed that the plaintiff cannot recover damages from the defendant for any injury to his property which was proximately caused by an unusual flood of the unnamed creek.

"The court: Overruled.

"Exception.

"Mr. Roetzel: We further request the court if this request does not correctly state the law upon the subject matter, we ask the court to charge the law as the court considers it to be correct.

"The court: Overruled.

"Exception."

It has long been the rule in this state that "1. Where the charge of the court is free from error prejudicial to the party excepting thereto, but fails to cover all the questions involved in the case, such failure is not a ground for reversal, *unless it was called to the attention of the court, and further instructions requested and refused, provided* the jury is not misled by the charge as given." (Emphasis ours.) *Columbus Ry. Co.* v. *Ritter*, 67 Ohio St., 53, 65 N. E., 613.

See, also, cases cited substantiating the text in 2 Ohio Jurisprudence (Part 2), Appellate Review, Section 746.

However, "3. An oral request for additional instructions after the general charge must be given if the language of the request is sufficient to call the court's attention to a material omission in instructions previously given, and its refusal in a proper case constitutes prejudicial error." *Casanova* v. *Wagner,* 85 Ohio App., 278, 88 N. E. (2d), 312.

While we have heretofore said that the requested charge was properly refused before argument, it indeed invited the attention of the court to a highly controversial factual question in the case (the severity of the flood), and called the court's attention to the right of the defendant to have the jury charged as to its liability under circumstances not to be reasonably foreseen.

In addition to the general rule heretofore set out in quotation from 8 American Jurisprudence, the Supreme Court of this state has said, on the question of liability for flood damage: "3. In order to fix liability on an owner in such case, it must be shown that his negligence concurred with the act of God in causing the injury; but if the act of God, such as an extraordinary flood, was so overwhelming and destructive as to produce the injury, whether the defendant had been negligent or not, his negligence cannot be held to be the proximate cause of the injury." *City of Piqua* v. *Morris,* 98 Ohio St., 42, 120 N. E., 300, 7 A. L. R., 129.

See, also, *East Liverpool City Ice Co.* v. *Mattern,* 101 Ohio St., 62, 127 N. E., 408.

"* * * if the *vis major* is so unusual and overwhelming as to do the damage by its own power, without reference to and independently of any negligence by defendant, there is no liability." *City of Piqua* v. *Morris, supra,* at p. 49.

It is our thought that the rule deducible from the

cases, both in this state and elsewhere, may be succinctly stated as follows: A railroad company which constructs and maintains a bridge over a stream must exercise ordinary care to provide for the flow of water in the stream, and, for a failure to do so, it may be liable in damages. At times of flood, if such flood is not an extraordinary or unprecedented one, but is one which could reasonably have been foreseen, and the character of the bridge obstructs the flow so as to cause damage by the overflowing of adjacent lands, the railroad company may be liable for the damages resulting because of the construction of a bridge inadequate to safeguard the property of riparian proprietors. This would establish the tort of negligence proximately causing damage. On the other hand, if the flood is so extraordinary, overwhelming and destructive that the damage would have resulted regardless of the negligence of the defendant, or if the flood was so extraordinary or unprecedented that it could not have been reasonably anticipated while using ordinary skill and foresight in the construction and maintenance of the bridge, the railroad company is not liable. *City of Piqua* v. *Morris, supra*; *East Liverpool City Ice Co.* v. *Mattern, supra*.

So, in the case before us, the defendant was required to use reasonable care and engineering skill in the construction and maintenance of its bridge, to avoid damage to the plaintiff by reason of freshets and floods, which experience taught might be reasonably expected to occur at any time, but it was not required to anticipate and use precautions to prevent injury from floods caused by unusual, extraordinary and unexpected storms which reasonable foresight or sagacity would not have foreseen, nor was it liable for an act of God which would have caused damage regardless of negligence.

Whether this storm was of such a character was a question for the jury under proper instructions, and a refusal to so instruct upon request constituted prejudicial error.

Other claimed errors have been examined, and we find them not to be of a prejudicial character.

Judgment reversed and cause remanded.

*Judgment reversed.*

HUNSICKER, P. J., and STEVENS, J., concur.