KAPLAN ET AL. *v.* STATE EX REL. MEYER'S PLUMBING, INC., ET AL.

[No. 29,731. Filed February 29, 1960. Rehearing denied November 29, 1960.]

*James J. Richards,* of Hammond, *John Barce,* of Kentland, *Donald E. Bowen* and *Kivett, Bowen, Clancy & Kivett,* of Indianapolis, for appellants.

*Wasson J. Wilson, Bomberger, Wilson, Crites & Belshaw,* of counsel, of Hammond, *George F. Sammons* and *Sammons & Sammons,* of counsel, of Kentland, for appellees.

JACKSON, J.—This is an appeal from the judgment of the circuit court of Newton County, Indiana, mandating the Board of Examiners for Plumbing License of the City of Hammond, Indiana, to issue a certificate of passage of a plumbing examination.

In order to clearly define the issues involved, we deem it necessary to set out a brief summary of the events and facts leading to the instant litigation.

On October 21, 1930, the common council of the City of Hammond, Indiana, passed, and on October 28, 1930, the Mayor approved Ordinance No. 2210, titled as follows, "AN ORDINANCE TO REGULATE AND GOV-

ERN PLUMBING HOUSE DRAINING, SEWER WORK, WATER SERVICE TO LOT AND BUILDING, AMOUNT TO DEPOSIT REQUIRED BY CITY FOR PERMIT TO OPEN STREETS AND COST OF PAVING REPAIRS IN THE CITY OF HAMMOND, INDIANA; PROVIDING FOR APPOINTMENT OF A PLUMBING INSPECTOR AND A BOARD OF EXAMINERS, AND PROVIDING FOR A PENALTY FOR THE VIOLATION THEREOF." Thereafter such ordinance was amended on January 18, 1934, by ordinance No. 2322, on June 20, 1935, by ordinance No. 2374, and again on December 3, 1935, by ordinance No. 2391.

In and by sections two and three of such ordinance No. 2210 as amended by ordinances Nos. 2322, 2374 and 2391 it was, at all times here involved, provided as follows:

"Section 2. In order to safeguard life, health and property, through sanitary plumbing, any person, firm or corporation desiring to operate a plumbing business in the City of Hammond, shall be required to pass an examination before the Board of Examiners as to their ability and qualifications and they shall file an application with the City Controller of said City, stating the name of person to take said examination, and they shall pay to said City Controller the sum of Fifteen Dollars ($15.00) as fee for said examination, which sum of Fifteen Dollars ($15.00) shall be paid to the Board of Examiners.

"The said City Controller shall immediately upon the filing of an application for examination notify the members of the Board of Examiners, who shall within a reasonable time meet and examine said applicant and in the event that said applicant shall pass said examination, the said Board of Examiners shall issue to him a certificate, showing that such examination has been properly take(n) and passed, and which certificate shall entitle such per-

son, firm, or corporation, to a plumber's license upon compliance with requirements hereinafter set forth.

"In the case of a firm or corporation, it shall be sufficient that one member of such firm or officer of such corporation shall pass the required examination and when the required examination is thus passed proper certificate shall be issued to such firm or corporation, provided, however, that such certificate shall only be valid while the party who passed the examination is still a member of such firm or Officer of such corporation, as the case may be.

. . . .

"Any person, firm or corporation having failed to pass the examination above provided for shall not be entitled to another examination for a period of three (3) months.

. . . .

"SECTION 3. For the purpose of carrying out the provision of this Ordinance, there is hereby created a Board of Examiners, which Board shall consist of one Journeyman Plumber, one Master Plumber, the Secretary of the Board of Health of said City, and two (2) members of the Common Council of said City. All of said Board Members to be appointed by the Common Council and hold office during the pleasure of the Common Council and until their successors are appointed and qualified. The form of application for examination shall be prepared by the Board of Examiners. . . ."

Appellee filed his application for, and took such examination before the Board seeking a plumbing license. A grade of 70 points was required for a passing grade, appellee received a grade of 49.5 points, of which 44.5 points were allowed for the written questions and five points for the lead wiping demonstration test. Full credit for the lead wiping test was 30 points. Appellee contends that the lead wipe joint was either good or bad and that he should have received a grade of 30 points

or zero. That by reason of getting five points the demonstration was successful and that he passed the examination with a grade of 74.5.

Following his failure to obtain the license before the Board, appellee instituted an action in the Lake Superior Court, Room No. 5, seeking to mandate the Board of Examiners to issue their certificate of passage of said examination so that the controller of the City of Hammond would issue a license to plaintiff, Meyer's Plumbing, Inc., to engage in the plumbing business in the City of Hammond.

On proper application for change of venue the cause was venued to Newton County where trial was had without the intervention of a jury. Finding and judgment by the court in substance that appellee, Marlowe S. Frey, did in fact pass the examination for plumbing license, that appellee, Meyer's Plumbing, Inc., was entitled to have a certificate of passage of said examination issued by the Board and the appellants, Kaplan, Carlson, Pernecky, Potesta and Downey, as members of and constituting the Board of Examiners for Plumbing License of the City of Hammond, Lake County, Indiana, acting under Ordinance No. 2210, as amended, and each of their successors in office, were ordered, forthwith, to issue to the controller of the City of Hammond, their certificate of passage of examination by Marlowe S. Frey so that the controller could issue a license to Meyer's Plumbing, Inc., to engage in the plumbing business in said city on posting of bond and payment of the license fee required by Ordinance No. 2210 as amended.

Appellants' assignment of error contains two specifications:

"1. The Court erred in overruling defendants' Demurrer to the Amended Complaint.

"2. The Court erred in overruling defendants' Motion For New Trial."

In our opinion the issues raised in this litigation are reduced to the single issue, did the Board of Examiners for Plumbing License of the City of Hammond, Indiana, have the authority to prescribe the type of examination and passing grade required to enable one to obtain a license to engage in the plumbing business in that city?

That question has heretofore been decided by this court adversely to the appellee in the case of *State Board of Medical Registration, etc.* v. *Scherer* (1943), 221 Ind. 92, 96, 46 N. E. 2d 602, the court there said:

"The granting and revocation of licenses to engage in trades, businesses, or professions is a ministerial function. Ministerial boards act as fact-finding bodies to ascertain whether applicants conform to a legislative formula by which the right to a license is fixed. It is well settled that under the division of powers, these ministerial fact-finding duties may not be delegated to courts, and that the so-called appeal provisions of statutes which undertake to vest in courts jurisdiction to try and determine *de novo* the facts entitling an applicant to a license, or to continue to operate under a license, must be treated as merely providing procedure by which the proceeding may be brought before the court for an investigation to determine whether the ministerial body has acted legally and within its powers. In all of such cases, if the ministerial board has conformed to statutory procedural methods, and its decision is supported by substantial evidence, its findings and determination will not be disturbed. *Spurgeon et al.* v. *Rhodes* (1906), 167 Ind. 1, 78 N. E. 228; *Stone, Superintendent* v. *Fritts* (1907), 169 Ind. 361, 82 N. E. 792; *In re Northwestern Indiana Telephone Company et al.* (1930), 201 Ind. 667, 171 N. E. 65; *Lloyd et al.* v. *City of Gary* (1938), 214 Ind. 700, 17 N. E. (2d) 836."

The power to issue certificates of passage of the examination for plumbers license in the City of Hammond was vested by ordinance in The Board of ■ Examiners for Plumbing License, and so long as such Board acts legally and within the limits of its power and its decision is supported by substantial evidence, its findings and decisions will not be disturbed by the courts in the absence of proof of fraud, or capricious or arbitrary action. An adequate remedy by way of appeal is provided for the determination of these questions. However, appellees here sought to have the trial court mandate the Board of Examiners for Plumbing License to perform an act which lies wholly within the discretion and judgment of the Board. This the courts can not do.

Had the Board refused to permit appellee, Marlowe S. Frey, to take the examination the trial court could have compelled the Board to grant him that ■ right, but it could not tell the Board whether or not a certificate of passage should issue. *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 333, 334, 75 N. E. 2d 151; *The State ex rel. Fry* v. *The Board of Commissioners of Martin County* (1890), 125 Ind. 247, 250, 25 N. E. 286; *State ex rel. Winterburg, Trustee* v. *Demaree et al., Commissioners* (1881), 80 Ind. 519; *Gardner et al.* v. *Haney et al.* (1882), 86 Ind. 17; *State ex rel. Kelley* v. *Bonnell* (1889), 119 Ind. 494, 21 N. E. 1101; *The City of Ft. Wayne et al.* v. *Cody* (1873), 43 Ind. 197; *The State ex rel. Reynolds* v. *The Board of Commissioners of Tippecanoe Co.* (1874), 45 Ind. 501; *Mitchell et al.* v. *Wiles* (1877), 59 Ind. 364; *Holliday* v. *Henderson, Auditor of State* (1879), 67 Ind. 103; *The City of Madison et al.* v. *Smith et al.* (1882), 83 Ind. 502, 516; *The State ex rel. Shryer et al.* v. *The Board of*

*Commissioners of Green County* (1889), 119 Ind. 444, 447, 21 N. E. 1097.

For these reasons the judgment of the trial court must be reversed.

Judgment reversed.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 164 N. E. 2d 645.