BUSKIRK ET UX. *v.* BOARD OF ZONING APPEALS
OF THE CITY OF WARSAW.

[No. 1268A221.  Filed June 23, 1969.  No petition for rehearing filed.]

*John D. Widaman, Widaman, Bowser & Reed,* of Warsaw, for appellants.

*William I. Garrard, Graham, Rasor & Harris,* of Warsaw, for appellee.

SHARP, J.—The Appellants filed Petition for a Writ of Certiorari to review a denial by the Appellee of an application for a variance from the terms of a Warsaw Zoning Ordinance. The Appellants' Petition for a Writ of Certiorari stated:

"Plaintiffs, who are husband and wife, for their petition for a Writ of Certiorari, respectfully represent and show to the Court as follows:

"1. That Plaintiffs are husband and wife and are the owners of the following described real estate situated in the City of Warsaw, said County and State, to-wit:

Lot Number Twenty-three (23) in Graves' Addition, excepting therefrom the south fifty-six (56) feet.

"2. That the Defendant, Board of Zoning Appeals of the City of Warsaw, is an administrative body created and existing pursuant to statutes of the State of Indiana, and pursuant to an ordinance of the City of Warsaw.

"3. The dimensions of said real estate are actually sixty-six feet (66') east and west and seventy-six feet (76') north and south. It is bordered on the north by West Winona Avenue, on the east by an alley, on the south by a residential property and on the west by Harding (formerly Sherman) Street.

"4. That the subject real estate and the real estate on the north, east, south and northwest is presently zoned under 'C—Multiple Family Residential.'

"5. That there was duly filed with the Defendant Board of Zoning Appeals of the City of Warsaw, a petition requesting a variance from the terms of the Zoning Ordinance to permit Plaintiffs to utilize the building on the real estate for seven (7) kitchenette apartments and two single sleeping rooms with private baths.

"6. That pursuant to statute and the rules of the said Board of Zoning Appeals due notice of the pendency and hearing on said petition for a variance was published and a public hearing conducted on May 23, 1968.

"7. That at the time of said hearing the Plaintiffs submitted for the consideration of the Defendant Board of Zoning Appeals the following facts and information:

"(a) The Building on the subject real estate is frame and is approximately 56' x 44', which more than forty (40) years ago, and until February, 1941, was used as a hospital and was commonly known and referred to as the 'Murphy Emergency Hospital.'

"(b) That the real estate was purchased by the petitioners in October, 1967. Shortly thereafter the petitioner Thomas V. Buskirk consulted the Warsaw Building Commissioner, Mr. Harold Ford, concerning the requirements of a building permit under the provisions of the subject ordinance. Said Commissioner advised the petitioners that in the event no outside changes were made to the present structure no building permit would be required, cautioning against adding any structure which would in any way change the existing outside appearance of the building.

"(c) That the petitioners in lieu of continuing the use of the real estate as a nursing home or similarly utilizing the twenty-two rooms of the building determined that it would best lend itself to efficiency apartments.

"(d) That the petitioners, not believing themselves to be in violation of any ordinance, statute or law invested approximately Thirty thousand dollars ($30,000) in the remodeling and refurbishing of the premises. The wiring is in conduit and the furnace is contained within a fire proof vault, making the structure exceptionally safe from the hazards of fire.

"(e) That the use to which the real estate is now devoted is purportedly in conflict with the provisions of said ordinance in the following particulars: Under the designated 'c' classification for group house apartments, the required lot area per family is 3,000 square feet. The lot width required is 60 feet and the subject real estate width is 66 feet. Also, the use requirement calls for a minimum of 450 square feet for each first floor family and the premises as they are now being used have five first floor apartments, with the available square footage being approximately 2,000 square feet.

"(f) That the variance requested by Plaintiffs would not substantially alter the land use characteristics of the district and would not impair the adequate supply of light and air to the adjacent properties.

"(g) That the granting of the variance requested would not increase the hazards from fire, flood and other damages to said property.

"(h) That the granting of the variance would not otherwise impair the public health, safety, convenience, comfort or general welfare of the public.

"8. That at said hearing several persons did appear to remonstrate against the granting of the variance, but the minutes of the Defendant Board of Zoning Appeals and the record kept of the proceedings at said hearing do not reveal any of the remonstrators by name and no written remonstrances were filed.

"9. That the literal enforcement of said Board of Zoning Appeals of the ordinance creates an unnecessary hardship upon the Plaintiffs and prevents them from the enjoyment and use of their property.

"10. That Plaintiffs fully established that the literal enforcement of the ordinance would therefore result in said unnecessary hardship to them, and upon such showing it was the duty of said Board to grant the variance prayed for.

"11. That said Board at the time of said hearing was not regularly constituted in that the meeting was not called pursuant to statute and the rules and regulations of the Board itself.

"12. That Plaintiffs are entitled to the ordering by this Court of a Writ of Certiorari in the manner and as provided for by the statute requiring the Board to certify to this Court for review all of its proceedings, evidence, files and papers, constituting its entire record insofar as the same relates to the redress of the Plaintiffs as herein prayed for.

"WHEREFORE, Plaintiffs pray that a Writ of Certiorari be issued against said Defendant requiring it to certify to this Court for review the entire record touching upon the petition for variance of the Plaintiffs and that after hearing hereon by the Court that the Board of Zoning Appeals' decision denying Plaintiffs the variance requested be reversed and set aside and that such variance be granted by the Court, and finally ask for such further relief as the premises may require."

The Appellee filed a Motion to Dismiss which stated:

"The respondent, Board of Zoning Appeals of the City of Warsaw, moves the Court to dismiss petitioners' petition

for writ of certiorari in the captioned cause on the ground that the Court has no jurisdiction to grant said petition for the reason that the petitioners have failed to allege all the essential allegations necessary to confer jurisdiction upon a Court, in this: petitioners have failed to allege that the complained of decision of the Board of Zoning Appeals of the City of Warsaw was illegal in whole or in part and have further failed to specify any grounds of illegality of said decision.

"WHEREFORE, the respondent prays petitioners' petition for writ of certiorari be dismissed."

The trial court heard argument and granted Appellee's Motion to Dismiss and entered judgment dismissing Appellants' petition for a Writ of Certiorari.

The assignment of errors here contends error in dismissing Appellants' petition for Writ of Certiorari and error by the trial court in failing to find the facts specially and to state its conclusion of law as required by Rule 1-7C of the Rules of the Supreme Court.

The question we must decide is whether Appellants' petition for Writ of Certiorari was sufficient to withstand a Motion to Dismiss for want of jurisdiction over the subject matter. Because of the decision we reach on this issue it is unnecessary to consider the second grounds in the assignment of errors.

The statute with reference to the contents of a Writ of Certiorari in this context is found in Burns' Ind. Stat. Ann., § 53-783, which provides:

"Decision of board of zoning appeals—Review by certiorari—Petition to county courts by aggrieved— ■ Change of venue from county precluded.—Every decision of the board of zoning appeals shall be subject to review by certiorari.

Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superoir court of the county in which the premises affected is located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegal-

ity. The petition shall be presented to the court within thirty (30) days after the date of the decision and the order of the boards of zoning appeals complained of.

No change of venue from the county in which the premises affected is located shall be had in any cause arising under the provisions of this section."

The petition for the Writ of Certiorari in this case is analogous to a complaint in a civil action. *Board of Zoning Appeals of the City of Indianapolis* v. *Filis,* 137 Ind. App. 217, 206 N. E. 2d 628 (1965). Thus, the same rules prevail with regard to dismissal for want of jurisdiction over the subject matter which we recently stated in *Wright et al.* v. *Kinnard et al.,* 144 Ind. App. 286, 245 N. E. 2d 835 (1969).

The standard to guide the trial court in ruling on such motions is well stated by Judge Arterburn in *State ex rel. Calumet National Bank of Hammond* v. *McCord,* 243 Ind. 626, 628, 189 N. E. 2d 583, 584 (1963) :

"At the outset, we observe that a motion to dismiss is not normally proper procedural method of testing the sufficiency of a complaint, nor for considering whether or not the plaintiff has stated a good cause of action. *A demurrer is the method by which such legal questions are raised. A motion to dismiss should not be perverted for that purpose.* The sustaining of a demurrer gives the plaintiff an opportunity to amend, while the sustaining of a motion to dismiss cuts off such rights which the statute would normally give a plaintiff. *State ex rel. Terminix Co. of Ind.* v. *Fulton Circuit Court* (1956), 235 Ind. 218, 132 N. E. 2d 707; *Michener et al.* v. *Sprinfield Engine & Thresher Co. et al.* (1895), 142 Ind. 130, 40 N. E. 679, 31 L. R. A. 59; *Kaplan* v. *State ex rel. Meyer's Plumbing, Inc.* (1960), 241 Ind. 147, 164 N. E. 2d 645; *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895; *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181.

"It is stated in all the cases above that a court may not enter an order of involuntary non-suit or dismissal against a plaintiff except where there be a statutory ground or a total lack of jurisdiction." (Our emphasis)

Our Supreme Court in *Yelton* v. *Plantz*, 226 Ind. 155, 77 N. E. 2d 895 (1948), stated:

> "We agree that the striking of a complaint, or the dismissing of a cause of action, might be harmless to the plaintiff if it *appears upon the face of the complaint that no amendment is possible which would make the complaint state a cause of action.* But this rule should be applied with caution and only when it is clear that no amendment could be made to make the complaint good." (Our emphasis)

The Appellee relies on *Ballman* v. *Duffecy*, 230 Ind. 220, 102 N. E. 2d 646 (1952) in which our Supreme Court affirmed the trial court's dismissal of a petition for a writ of certiorari which disclosed on its face that it was not presented to the court within 30 days as provided by statute. The Supreme Court simply held that the 30 day period was jurisdictional and that failure to comply with the statute in this respect subjected petition to a motion to dismiss. That case did not deal with the legal sufficiency of the allegations of the petition as does the instant case. See also, *Noblitt, et al.* v. *Met. Plan. Comm. etc. et al.*, 136 Ind. App. 625, 190 N. E. 2d 665 (1964). In *Ballman, supra,* there was a total lack of jurisdiction evidence from the face of the petition.

The Appellee also relies on *Board of Zoning Appeals of City of Indianapolis* v. *Filis, supra; Kessler-Allisonville C. L.* v. *Marion County Board of Zoning Appeals,* 137 Ind. App. 610, 209 N. E. 2d 43 (1965), *Nelson* v. *Board of Zoning Appeals,* 240 Ind. 212, 162 N. E. 2d 449 (1959), and *Board of Zoning Appeals* v. *Waskelo,* 240 Ind. 594, 108 N. E. 2d 72 (1960).

In *Board of Zoning Appeals* v. *Filis, supra,* the question of the insufficiency of the petition for writ of certiorari was raised by demurrer. In this case it was raised by motion to dismiss. We agree with the statement in *State ex rel. Calumet National Bank of Hammond* v. *McCord, supra,* that a demurrer is the proper method to test

the sufficiency of a complaint and a motion to dismiss should not be perverted for that purpose. There is good reason for this distinction. After a demurrer is sustained the party has the option to amend. After dismissal, as in this case, there is no opportunity to amend. The result in this case well illustrates this distinction.

In the *Kessler-Allisonville* case, *supra,* the *Nelson* case, *supra,* and *Waskelo* case, *supra,* there was a decision on the merits by the trial court. These cases are not helpful here to determine the narrow question as to whether the allegations of this petition are sufficient to withstand a motion to dismiss for want of jurisdiction over the subject matter.

We cannot say as a matter of law that there was a *total lack* of jurisdiction of the trial court to entertain the instant petition from an examination of the face of the petition.

Therefore, the judgment of the trial court in granting Appellee's Motion to Dismiss is reversed. This case is remanded with instructions to overrule the Appellee's Motion to Dismiss.

Judgment reversed. Costs v. Appellee.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 386.