BOARD OF ZONING APPEALS OF THE CITY OF
INDIANAPOLIS ET AL. v. FILIS ET AL.

[No. 19,763. Filed May 5, 1965.]

*Michael B. Reddington,* Corporation Counsel, *John J. Dillon,* City Attorney, *John P. Korbly,* Assistant City Attorney, and *Nelson G. Grills,* of Indianapolis, for appellants.

*Symmes, Fleming, Ober & Symmes,* and *Pete A. Pappas,* of Indianapolis, for appellee.

CARSON, J.—This is an appeal from the Superior Court of Marion County, Room 2 wherein that court on certiorari considered the action of the Indianapolis Board of Zoning Appeals. The Indianapolis Board of Zoning Appeals had denied a petition of the appellees in the original hearing for a special exception under the terms of the Indianapolis Zoning ordinance, City Ordinance G.O. 64, Eff. June 11, 1954, Sec. 11-112 (8). From this action of the Board the appellees herein filed a petition for writ of certiorari questioning the action of the Board and alleging substantially the fol-

lowing facts: 1. That the petitioners below, appellees herein, were the owners of a lease of the property in question; 2. that the defendants were the Board of Zoning Appeals of the City of Indianapolis and certain named defendants who were remonstrators before the Board; 3. that on the 23rd day of September, 1960, the Board entered its decision denying the petitioners permissive use to sell alcoholic beverages at the location in question; 4. that the decision of the Board was illegal in support of which latter contention the petition for the writ contained four paragraphs was read as follows:

"(a) That the decision of the board deprives the petitioners herein of their Indiana and United States Constitutional rights in that by enforcement of this particular ordinance they have been deprived of their property and money in said establishment without due process of law.

"(b) That enforcement of City Ordinance G.O. 64, Eff. June 11, 1954, Sec. 11-112 (8) by the Board of Zoning Appeals, which states that after said date permission must be granted prior to the sale of alcoholic beverage in any established restaurant, is in violation to the Fourteenth Amendment to the United States Constitution and the Indiana Constitution, Art. 1 Sec. 12, 21, 23. Such enforcement takes the private property of the petitioners for public use without compensation.

"(c) That the petitioners did purchase said establishment as a going tavern concern with a valid license granted by the Alcoholic Beverage Commission License No. *41808* and also A United States Federal Tax *X amp* [sic] for sale of alcoholic beverages No. *33766*. That the refusal of the board to allow petitioners right and permissive right to sell alcoholic beverage has worked great and unreasonable damage to petitioners in that they purchased the said establishment as a tavern and paid large sum of money for said establishment as a tavern and that the establishment was operating as a tavern for almost a year prior to the purchase by petitioners. That the location of

the premises mentioned above is in a heavy business district and is surrounded by business establishments which includes another tavern, garage, washing machine repair shop and television shop, car lot, and other numerous types of businesses. That the premises is located on a national highway with a heavy volume of traffic going by said location day and night, and that the action of said board in denying application of petitioners was arbitrary, capricious, unreasonable, and contrary to law, and not warranted by the facts, and is therefore illegal.

"(d) That the allegations as set forth by remonstrators at said board hearing was rebutted by petitioners, and that persons relating facts before the board were not sworn as witnesses and related their subject based on hearsay and not on what they themselves had within their own knowledge and purvey. That the petitioners were not allowed to cross examine the witnesses after they related their thoughts to the board, but petitioners were only allowed to rebut by other facts what witnesses for remonstrators stated. That as a result thereof, the petitioners were denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and the Indiana Constitution Art. 1, Sec. 12, 21, 23."

To this petition for a writ the defendant Board filed a demurrer claiming that said petition failed to state facts sufficient to constitute a cause of action, to which demurrer the Board attached its memorandum. The pertinent paragraphs of the memorandum, after reciting the statutory authority for the petition and writ, are as follows:

"The Statute expressly provides that the petition shall set forth 'That such decision is illegal in whole or in part, and specify the grounds of the illegality' (Emphasis ours).

The petitioners' writ of certiorari repeatedly alleges that their constitutional rights have been deprived and their property and money has been deprived without due process of law. The petition

further recites that the action of the defendant Board, is arbitrary, capricious, unreasonable and contrary to law, and not warranted by the facts, but the petition fails to recite in what manner such action was arbitrary, capricious or unreasonable. Further, the mere allegation that the petitioners' constitutional rights have been deprived without due process of law and that their private property has been taken for public use without compensation, without facts to show in what manner their rights have been deprived or their property taken, does not constitute specific grounds of illegality within the purview of the statute to render the decision contrary to law. That the petitioners paid a large sum of money for the tavern and the fact that it was operating as a tavern for almost a year prior to the petitioners' purchase, are irrelevant and immaterial for the reason that the operation of the tavern was contrary to the zoning ordinances of the City of Indianapolis, ab initio."

On the 16th day of November, 1960, the court overruled the demurrer and ordered the writ issued to which order the Board filed its return. After the return of the writ which included all of the proceedings and evidence taken before the Board the cause was submitted to the court without any additional evidence being taken. On June 5, 1961, findings and judgment were entered, the pertinent part of which reads as follows:

". . . the Court now finds for the Plaintiffs and petitioners and sustains the Plaintiffs' appeal from the action of the Board of Zoning Appeals of the City of Indianapolis wherein the Board of Zoning Appeals of the City of Indianapolis denied the Plaintiffs' application for permissive use of the real estate commonly known as 3901 East Washington Street, Indianapolis, Indiana, as set forth in the Plaintiffs' petition, and the Court now finds that the action of the Board of Zoning Appeals of the City of Indianapolis in denying Plaintiffs' application was arbitrary, capricous and illegal,

and that such application on behalf of the Plaintiffs and/or petitioners should be granted. That strict compliance with the terms of the Ordinance herein pertaining will constitute an unusual and unnecessary hardship if applied to the property for which permission is sought.

IT IS, THEREFORE ORDERED, ADJUDGED AND DECREED That the action of said Board of Zoning Appeals of the City of Indianapolis in denying the Plaintiffs' petition for permissive use of the real estate at 3901 East Washington Street, Indianapolis, Indiana, as a restaurant and/or tavern for the retail sales of alcoholic beverages is illegal, and that the decision of said Board of Zoning Appeals of the City of Indianapolis is hereby reversed, and the Plaintiffs are hereby granted permission for permissive use of said premises as a restaurant and/or tavern for the retail sales of alcoholic beverages, as requested in Plaintiffs' petition; Provided that a fence is erected around the property in question and that space is provided therein for off-street parking such that trespassing by patrons of the business herein permitted upon adjacent properties will be prevented."

The defendant Board along with certain individual defendants filed a motion for new trial setting up four grounds:

"1. That the decision of the Court is not sustained by sufficient evidence.

2. That the decision of the Court is contrary to law.

3. That the decision of the Court in its judgment that the defendant, Board of Zoning Appeals of the City of Indianapolis, acted illegally and/or capriciously is wholly unsupported by any evidence as set out in the transcript of the record of Board of Zoning Appeals.

4. That the Court erred in overruling the demurrer of the defendant, Board of Zoning Appeals of the City of Indianapolis, to plaintiffs' petition for writ of certiorari."

The fourth ground in the motion of the individual defendants assigns an additional reason namely:

"4. That the Court erred in overruling the plea in abatement filed by Hazel McMullen and Marie Chadd."

The court overruled the motion for new trial which action is assigned as error here by all of the appellants.

We shall first consider the ruling of the trial court on the demurrer. It is our opinion that the trial court erred in overruling the demurrer of the Board of Zoning Appeals to the petition for writ of certiorari.

In proceedings of this type the petition for the writ of certiorari is analogous to a complaint in a civil action and in fact constitutes the only form of pleading contemplated by the statute to bring this matter from the board to the attention of the court. In reviewing the petition in the instant case it appears to us that it is noticeably lacking in allegations of ultimate fact and is merely a recitation of conclusions of the pleader in an attempt to sustain the basic grounds of attack namely, that the decision of the Board of Zoning Appeals "is wholly illegal and improper". Such allegations do not aid this petition. *Board of Zoning Appeals v. Moyer* (1940), 108 Ind. App. 198, 210, 27 N. E. 2d 905. The statute specifies the manner of attack for illegality, the pertinent sections of said statute are as follows:

". . . that such decision is illegal in whole or in part, and specifying the grounds of illegality." §53-783 Burn's 1964 Replacement, supplement.

"The court may decide and determine the sufficiency of the statements of illegality contained in the petition without further pleadings . . .
§53-788 Burn's 1964 Replacement.

We should observe here that the effect of a demurrer

to a petition for a writ of certiorari amounts to an admission of all facts well pleaded. It is not ▉ necessary therefore for us to review or consider the evidence before either the trial court or the Board of Zoning Appeals in order to dispose of this question.

In the case of *Board of Zoning Appeals* v. *Waintrup* (1935), 99 Ind. App. 576, 586, 193 N. E. 701, we find the following:

"The petition for the writ of *certiorari* under this statute must set up grounds showing that the decision of the board of zoning appeals ▉ was illegal, in whole or in part, and specify the grounds of such illegality."

And, further, at page 587:

"The petition also alleges that the action of the board in denying appellee's application for variance was arbitrary, capricious, unreasonable, and contrary to law, and not warranted ▉ by the facts. These are mere conclusions of the pleader, and there are no facts set out in the petition to indicate that the board acted arbitrarily, capriciously, or unreasonably in denying the application for variance."

That part of the petition which raises the question of invasion of the constitutional rights of the appellees cannot be presented in an action of this nature. ▉ This Court, in *Board of Zoning Appeals* v. *Waintrup*, supra, at page 584 further said:

"This is not a proceeding to attack the validity of the ordinance, and whether the ordinance invades any of the constitutional rights of appellee is not properly a matter to be heard in a proceeding of this character. The question of whether the ordinance itself is proper is for the city council to determine and not for the board of zoning appeals. The board is given power only to vary the ordinance so that the spirit of the ordinance be ob-

served, public welfare secured, and substantial justice done."

The attempt of appellees to raise the question of their constitutional rights was not properly presented to the court below nor preserved for our consideration in this appeal.

The action of the trial court is therefore reversed with directions for the lower court to sustain the demurrer to the petition.

Judgment reversed with instructions.

Faulconer, C.J., Martin and Prime, JJ. concur.

NOTE.—Reported in 206 N. E. 2d 628.