G. L. DELLINGER, RALPH DIEFENBACH, COLEMAN EVANS, HERMAN FURNISH, MELVIN JACOBI, CHARLES COOMBS, ROBERT MYERS, HOWARD BLANKENBEKER, AND WILLIAM BRUMMETT, CONSTITUTING THE PLANNING COMMISSION OF CLARK COUNTY, INDIANA, THOMAS M. SULLIVAN AND JOSEPH BATES, JR. *v.* PHILLIP HAGEST, BERNICE HAGEST, FRIDOLIN S. HORLANDER, MARGARET A. HORLANDER, ROBERT MOORE, JAN MOORE, GLENN PASS, PAULINE PASS, HOWARD W. STREETS, RHODA STREETS, JAMES A. WARD AND KAREN WARD.

[No. 1-1172A101. Filed July 31, 1973.]

*Samuel K. Gwin,* for appellant, Clark County Planning Commission, *Virgil E. Bolly,* of Sellersburg, *David V. Scott,* of New Albany, for appellants Thomas M. Sullivan and Joseph Bates, Jr.

*Ronald R. Fifer, Fifer, Vogt, Hoodenpyl & Lanum,* of Jeffersonville, for appellees.

LYBROOK, J.—Defendants-appellants Dellinger, *et al.*, constituting the Planning Commission of Clark County, Indiana, (Commission) and Thomas M. Sullivan (Sullivan) and Joseph Bates, Jr., (Bates) appeal from an order of the Clark Circuit Court granting petitioners-appellees Hagest, *et al.*, (Hagest) petition for writ of certiorari and motion to stay work and subsequent order reversing Commission's decision granting application of Sullivan and Bates for approval of a subdivision plat.

Sullivan and Bates are owners of thirty acres of real estate in Clark County. Hagest, *et al.*, are persons living near this tract. In 1971, Sullivan and Bates began construction of a residential subdivision on this land. Their application for rezoning of the tract from A-1 agricultural to R-1 residential was denied by Commission. Their application for a variance was tabled by the Board of Zoning Appeals. Sullivan and Bates then applied in August of 1971, to Commission for approval of their subdivision plat under the terms of the existing zoning. Following a hearing, Commission denied approval of the plat, and made the following findings:

"(1)   The plat as presented fails to meet the minimum requirements of Ordinance 11 of the Master Plan, Section 3.

"(2)   Pursuant to Section 4 of Ordinance 11, the Commission finds that allowing a subdivision to be built on the site proposed would not encourage harmonious development of the County in that:

"a.  All of the land surrounding the proposed subdivision is zoned A-1 Agricultural and the infusion of a residential area in the midst would be tantamount to spot zoning.

"b.  The area is several miles from any incorporated city or town and would be removed from or it would be difficult to provide necessary services such as police and fire protection.

"c.  The only access road available is Stacy Road, which is actually a narrow lane.  That if the area would continue to develop too rapidly it would fall a burden on the County Commissioners to purchase land and provide a safe highway or access road for vehicular traffic."

In December 1971, Sullivan and Bates reapplied for approval of their subdivision plat. Following a hearing Commission approved the application by a 3 to 2 vote.

Hagest filed petition for a writ of certiorari. On March 3, 1972, the Circuit Court found that Commission's action was illegal in that it was not approved by a majority of Commission and remanded the action to Commission.

On March 22, 1972, Commission again considered the application of Sullivan and Bates. The application was approved by a 5-1 vote.

At this point we note that appellants have failed to cause the minutes of Commission's March 22, 1972 meeting to be included in the record on appeal. In their brief Hagest concedes that at its March 22 meeting, Commission found that finding number (1) of its reasons for rejecting the original application had been remedied. Commission apparently concedes that it made no further findings as to finding number (2) a, b, and c.

Hagest submit in their brief that Commission made the following finding in approving the reapplication of Sullivan and Bates:

"And the Plan Commission finds that the preliminary plan for Stonegate as presented January 12, 1972, is substantially in accordance with all the minimum requirements of the Clark County Zoning Ordinance regulation subdivision control.

"And the Plan Commission finds that the preliminary plans are substantially different from the preliminary plans presented by the applicants and denied by this Commission in August 1971."

On April 21, 1972, Hagest filed a petition for writ of certiorari and motion for an order to stay work on the subdivision.

In their petition, Hagest alleged that the action of Commission in approving the application of Sullivan and Bates was illegal in that it was "arbitrary, unreasonable, and capricious," and that it was "devoid of any evidence of probative value to support the approval."

On May 5, 1972, following a hearing, on the petition and motion, both were granted. Finally, on June 28, 1972, the Commission's motion to dismiss was overruled and the following order was issued:

"The court being duly advised in the premises finds that the return of the writ of certiorari and the supplemental affidavit filed with this court shows that there was no evidence of probative value introduced to the Clark County Planning Commission that demonstrated a material or substantial change in the circumstances from the time that the Planning Commission denied the original application of the defendants, Thomas M. Sullivan and Joseph Bates, Jr., as it related to findings 2a, b and c in the minutes of the Clark County Planning Commission of August 25, 1971, and therefore, the decision of the Clark County Planning Commission on March 22, 1972, granting the approval of the plat of the subdivision in question should be reversed and the re-application of Thomas M. Sullivan and Joseph Bates, Jr., should be denied for the reasons stated above."

Commission timely filed its Motion to Correct Errors, which was overruled, and this appeal followed.

Appellants contend that the trial court erred in (1) granting petitioners' request for the order staying work, (2) overruling Commission's motion to dismiss, and (3) reversing Commission's decision of March 22, 1972, granting the reapplication of Sullivan and Bates' plat.

With respect to the first issue raised, the pertinent statutory authority for the issuance of an order staying work is found in IC 1971, 18-7-5-90; Ind. Ann. Stat. § 53-786 (Burns 1964):

> "The allowance of the writ of certiorari shall not stay proceedings or work on the premises affected under the decision to be brought up for review. The court may, however, on application and on notice to all parties to the decision and on due cause shown grant such relief as the circumstances of the case may require, including an order staying the work until final determination of the case by the court.
>
> "Such staying order may be issued by the court without requiring the petitioner to enter into a written undertaking to the adverse party affected thereby for the payment of damages by reason of such staying order. [Acts 1947, ch. 174, § 85, p. 571.]"

The controversy in the case at bar centers around the phrase "on due cause shown". Commission contends that petitioners must show irreparable damage should the work be allowed to continue. Hagest argues that Sullivan's testimony that he would continue work during the proceedings on the petition was sufficient.

We are unable to find any case law construing the above statutory language. However, in our opinion, the trial court had authority to exercise his sound discretion in determining the necessity for relief. After Sullivan testified that he intended to continue working on the subdivision, it logically followed that Hagest would continue

to be affected by the development. We therefore conclude that a sufficient basis existed upon which the court could grant the order staying work.

Commission next argues that the court erred in overruling its motion to dismiss.

Subsequent to the court's order granting Hagest's petition for writ of certiorari and prior to the hearing on the petition, Commission filed its motion to dismiss, alleging insufficiency of petitioners' pleading to invoke jurisdiction of the court over the subject matter.

Commission argues that Hagest's petition merely asserts conclusions of illegality without specifying the grounds therefor, as required by IC 1971, 18-7-5-87; Ind. Ann. Stat. § 53-783 (Burns 1964), which reads in part as follows:

> "Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court of the county in which the premises affected is located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty [30] days after the date of the decision and the order of the boards of zoning appeals complained of."

Commission cites *Board of Zoning Appeals* v. *Filis* (1965), 137 Ind. App. 217, 206 N.E.2d 628, in which it was held that a mere recitation of conclusions of the pleader as to illegality are insufficient to withstand a demurrer.

Paragraph 14 of Hagest's petition for writ of certiorari presents the following allegations of illegality:

> "a) the action of the Planning Commission was arbitrary, unreasonable and capricious;
> b) the action of the Planning Commission was devoid of any evidence of probative value to support the approval."

In *Board of Zoning Appeals* v. *Waintrup* (1935), 99 Ind. App. 576, 193 N.E. 701, the court stated:

"The petition also alleges that the action of the board in denying appellee's application for variance was arbitrary, capricious, unreasonable, and contrary to law, and not warranted by the facts. These are mere conclusions of the pleader, and there are no facts set out in the petition to indicate that the board acted arbitrarily, capriciously, or unreasonably in denying the application for variance."

However, in the case at bar, the allegations of illegality set out above are preceded in the petition by a factual account of the Commission's actions on Sullivan and Bates' applications. Specifically the petition also charges that Commission granted the last application without making any findings as to paragraph 2 of its original order denying the application.

Commission next maintains that the trial court erred in reversing Commission's decision of March 22, 1972, granting the reapplication of Sullivan and Bates.

A determination of this issue requires an examination of the doctrine of *res judicata* and its application to decisions of plan commissions in this State. This question was put to issue in *Braughton* v. *Metropolitan Board of Zoning Appeals, Marion County, et al.* (1970), 146 Ind. App. 652, 257 N.E.2d 839, wherein the court stated:

"Although this question is one of first impression in Indiana, it may be said generally that a zoning board should not indiscriminately or repeatedly reconsider a determination denying a variance absent a change of conditions or circumstances." (Cases cited.) "If it were otherwise there would be no finality to such proceedings." (Cases cited.)

In the case at bar, Commission found that the plat submitted on August 25, 1971, failed to meet the minimum technical requirements of Ordinance 11 of the Master Plan, Section 3. On reapplication, the plat had been revised to meet these minimum requirements.

Commission argues that the plat revisions constituted a sufficient change in conditions to overcome the doctrine of

*res judicata* despite the absence of any changes in conditions with respect to its original findings, (2) a, that the development would be tantamount to spot zoning, (b) that it would be difficult to provide necessary services, and (c) that the available access road was insufficient.

In reversing Commission's decision granting the reapplication, the trial court found ". . . there was no evidence of probative value introduced to the Clark County Planning Commission that demonstrated a material or substantial change in the circumstances from the time that the Planning Commission denied the original application of the defendants, Thomas M. Sullivan and Joseph Bates, Jr., as it related to findings 2a, b and c in the minutes of the Clark County Planning Commission of August 25, 1971, . . . ."

Findings (2) a, b, c, *alone* were sufficient grounds for denying Sullivan and Bates' original application, regardless of compliance with the technical plat requirements. Hence, the doctrine of *res judicata* must prevent subsequent approval of the application absent a sufficient change in conditions with respect to these particular findings.

The procedure for invoking the doctrine of *res judicata* against decisions of plan commission is set forth in *Braughton, supra,* as follows:

". . . the consideration of changed circumstances should be limited to situations in which the issue is raised by remonstrators who introduce evidence indicating the existence of a prior denial and a lack of changed circumstances.

\* \* \*

"Persons relying upon an assertion of unchanged circumstances as a defense in zoning matters bear the burden of introducing evidence to prove the existence of a prior denial and the absence of changed circumstances or conditions."

We are convinced that Hagest sustained this burden. The affidavit of Samuel K. Gwin, counsel for Commission reveals

that upon cross-examination of Sullivan and Bates' witnesses at Commission's August 25, 1971 hearing, each witness admitted there had been no change in circumstances with respect to Commission's findings (2) a, b, c.

We therefore hold that the trial court did not err in reversing Commission's decision of March 22, 1972, granting the reapplication of Sullivan and Bates' plat.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 299 N.E.2d 222.