David CUNDIFF, et al., Appellants–
Intervening Respondents,

v.

SCHMITT DEVELOPMENT COMPANY
and Schmitt Company, Inc.,
Appellees–Petitioners.

No. 10A01–9409–CV–311.

Court of Appeals of Indiana,
First District.

April 28, 1995.

John R. Vissing, Joni L. Grayson, Jeffersonville, for appellants.

C. Gregory Fifer, Voelker Law Office, Jeffersonville, for appellees.

**OPINION**

NAJAM, Judge.

### STATEMENT OF THE CASE

David Cundiff, et al. ("Cundiff") appeals the trial court's judgment in favor of Schmitt Development Company and Schmitt Company, Inc. ("Schmitt") on Schmitt's petition for writ of certiorari from an adverse decision of the Jeffersonville Plan Commission (the "Commission"). In its petition, Schmitt asserted that the Commission's action denying its application for plat approval of a proposed subdivision was erroneous on a number of grounds. After remanding the case to the Commission for written findings of fact, the trial court set aside the Commission's decision and ordered that Schmitt's primary plat be approved. Cundiff appeals.

We affirm.

### ISSUES

Cundiff presents three issues on appeal, which we consolidate and restate as:

1. Whether the trial court abused its discretion when it granted Schmitt's petition and issued a writ of certiorari.

2. Whether the trial court abused its discretion when, after remand, it determined that the Commission's findings of fact were inadequate and ordered the Commission to grant primary plat approval in favor of Schmitt.

## FACTS

On July 16, 1993, Schmitt submitted an application to the Commission for primary plat approval of a residential subdivision to be developed on property owned by Schmitt in Clark County. The property is subject to the jurisdiction and regulations of the Commission, and is designated for zoning purposes as "R–2, single and multi-family residence." Record at 154, 197, 287.

At the Commission's August 31, 1993 meeting, Robert Miller, the Jeffersonville City Engineer, stated that the proposed plat was in proper order and that both he and the Jeffersonville Building Commissioner, Bill Gavin, had approved it. Several other people, consisting of a number of adjacent landowners, also spoke at the meeting but voiced concern about the proposal, including the methods of ingress and egress, increased traffic, potential drainage problems, size of the lots, and the price range of the proposed homes. As a result of this discussion, the Commission tabled Schmitt's application until the next meeting.

On September 28, 1993, the Commission again heard Schmitt's application. A number of people spoke on behalf of Schmitt and addressed the concerns which had been raised at the August meeting. Others testified that they were still opposed to the planned subdivision. A motion was then made to grant primary plat approval of Schmitt's application, but it was defeated by a vote of five against, three in favor and one abstention. Two members of the eleven-member Commission were absent.[1]

At Schmitt's request, the application for plat approval was once again placed on the Commission's agenda for the October 26, 1993 meeting. The Building Commissioner testified at the meeting that the proposed plat met all of the requirements of the subdivision control ordinance. The Commission was also presented with a report from the Clark County Soil and Water Conservation District, providing that it was necessary to develop a better schedule for the soil erosion plan. Then, the Commission's attorney informed the Commission members that they needed to make additional findings if the board voted to disapprove Schmitt's application. After some discussion, the Commission defeated a motion to grant primary plat approval to Schmitt by a vote of four in favor and six against, with one member absent. While each commissioner who opposed the application stated his or her reasons on the record at the time of the vote, the Commission did not make any written findings stating its reasons for denying the application.

Thereafter, Schmitt filed a petition for writ of certiorari with the Clark Circuit Court and alleged that the Commission's decision was "illegal, arbitrary, capricious and unjust" on a number of grounds. Record at 14. Cundiff, on behalf of himself and several other adjacent landowners, then filed a motion to intervene which the court granted. The trial court also granted Schmitt's petition, issued a writ and ordered the Commission to file and certify all evidentiary matters of record regarding Schmitt's application, together with any ordinance or rule on which it relied in denying primary plat approval for Schmitt. The Commission filed partial responses to the trial court's writ on four separate occasions and, after a number of hearings, the court entered a remand order requiring the Commission to enter written findings of fact to support its decision. The Commission was directed to indicate specifically those facts which demonstrated "[Schmitt's] noncompliance with the Subdivision Control Ordinance." Record at 357.

On February 24, 1994, the Commission filed its response to the trial court's remand order. The Commission tendered the minutes and transcript of its February 22, 1994 meeting, where nine members were present and two were absent. At that meeting, three

---

1. Schmitt later contended, and the Commission agreed, that the September 28 vote did not constitute an official action of the Plan Commission because a majority of the entire Commission did not vote to deny Schmitt's application. *See* IND. CODE § 36–7–4–302(a).

members of the Commission who had previously voted against approval of the plat individually stated the reasons for their vote on the record. In addition, three other members who voted against Schmitt's application submitted separate written statements indicating their reasons. The Commission itself did not vote again or adopt any findings at the February 24 meeting, although the sole purpose of the meeting was to respond to the trial court's order.

Thereafter, the trial court held that the Commission's "findings" were "conclusory" and not "based in probative evidence" and, thus, did not constitute sufficient findings of fact. Record at 389. The court entered judgment for Schmitt, "vacated" the Commission's decision and ordered the Commission "to enter and record primary plat approval of the proposed plat" in Schmitt's application. Record at 389. The Commission's motion to correct error was later denied. Cundiff now appeals.[2]

### DISCUSSION AND DECISION

#### Standard of Review

■ In *Yater v. Hancock County Planning Comm'n* (1993), Ind.App., 614 N.E.2d 568, *trans. denied, cert. denied* —— U.S. ——, 114 S.Ct. 1401, 128 L.Ed.2d 73, we described the applicable standard of review in an appeal from the decision of a zoning board or plan commission:

When an aggrieved party seeks relief in a trial court from an adverse administrative determination and attacks the evidentiary support for the agency's findings, he bears the burden of demonstrating that the agency's conclusions are 'clearly erroneous.' A reviewing court may vacate a board or commission's decision only if the evidence, when viewed as a whole, demonstrates that the conclusions reached by it are clearly erroneous. Such a standard naturally requires great deference toward the administrative board by the reviewing court when the petition challenges findings of fact or the application of the facts to the law. However, *if the allegation is that the commission committed an error of law, no*

*such deference is afforded and reversal by the trial court is appropriate if error of law is demonstrated.*

In reviewing the decision of a zoning board or commission, this court is bound by the same standard as the trial court. There is a presumption that determinations of a zoning board, as an administrative agency with expertise in the area of zoning problems, are correct and should not be overturned unless they are arbitrary, capricious, or an abuse of discretion. Thus, a reviewing court does not conduct a trial *de novo*, even though evidence may have been taken to supplement the writ of certiorari and return, and may not substitute its decision for that of the board. If the commission's decision is correct on any of the grounds stated for disapproval, its decision should be sustained.

*Id.* at 570 (emphasis added) (citations omitted). We will examine Cundiff's appeal in light of this standard.

#### Issue One: Writ of Certiorari

Cundiff first contends the trial court abused its discretion when it granted Schmitt's petition and issued a writ of certiorari to review the Commission's decision denying primary plat approval to Schmitt. We disagree.

■ Schmitt's application to the Commission requesting primary plat approval for the proposed subdivision was governed by the "Subdivision control" provisions found in Indiana Code § 36–7–4–700 et seq. ("Chapter 4"). Pursuant to Section 701 of Chapter 4, the local legislative body must adopt an ordinance which regulates the subdivision of land in its zoning districts and which provides "concrete standards." *Tippecanoe County Area Plan Comm'n v. Sheffield Developers, Inc.* (1979), 181 Ind.App. 586, 601, 394 N.E.2d 176, 186, *trans. denied; see* IND. CODE § 36–7–4–702(b). The purpose of these standards is to provide protection to both developers and landowners, and to give "fair warning as to what the local plan commission would consider when reviewing a preliminary plat." *Burrell v. Lake County*

---

2. The Commission is not a party to this appeal.

*Plan Comm'n* (1993), Ind.App., 624 N.E.2d 526, 530, *trans. denied.*

In deciding whether to grant an application for primary plat approval under this scheme, the Commission is required to "determine if the plat or subdivision qualifies for primary approval under the standards prescribed by the subdivision control ordinance." I.C. § 36–7–4–702(a). Then:

(a) If, after the hearing, the plan commission or plat committee determines that the application and plat comply with the standards in the subdivision control ordinance, *it shall make written findings and a decision granting primary approval to the plat.*

(b) If, after the hearing, the plan commission or plat committee disapproves the plat, *it shall make written findings that set forth its reasons and a decision denying primary approval and shall provide the applicant with a copy.*

IND.CODE § 36–7–4–707 (emphases added). In other words, whether the Commission grants or denies primary plat approval, it is required by statute to issue "written findings" which support its decision.

An interested party may petition for review of "[t]he primary approval or disapproval of a plat" by "certiorari procedure," which is the same procedure used in an appeal from a board of zoning appeals decision. IND. CODE § 36–7–4–708(d); *see* IND.CODE § 36–7–4–1016. The procedure for initiating review by certiorari is controlled by Section 1003 of Chapter 4. That section provides that an aggrieved party "may present, to the circuit or superior court of the county in which the premises affected are located, *a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds for the illegality.*" IND. CODE § 36–7–4–1003(a) (emphasis added).

Here, Schmitt's petition for writ of certiorari was filed with the Clark Circuit Court two days after the Commission's final vote to deny primary plat approval and asserted in part:

20. [The Commission's] decision is wholly *illegal,* arbitrary, capricious, and unjust on the following grounds.

a. It is not supported by any evidence of probative value.

b. Schmitt has complied with all terms, conditions, and provisions of the Jeffersonville Zoning Ordinance, the Jeffersonville Subdivision Control Ordinance, and all other relevant ordinances and statutes, and *no finding to the contrary was made by [the Commission].*

Record at 14 (emphases added). On appeal, Cundiff maintains that the trial court abused its discretion when it granted Schmitt's petition and issued the writ because the petition failed to specify an "illegality" in the Commission's decision. *See* I.C. § 36–7–4–1003(a). Cundiff is incorrect.

For purposes of review, a trial court is afforded discretion in determining "the sufficiency of the statements of illegality contained in the petition." *See* I.C. § 36–7–4–1009. In *Dellinger v. Hagest* (1973), 157 Ind.App. 158, 299 N.E.2d 222, we considered a petition for writ of certiorari similar to that filed by Schmitt in the present case. *Id.* at 164–65, 299 N.E.2d at 225–26. We determined that, although some allegations were conclusory, the petition in *Dellinger* sufficiently stated an "illegality" when it provided a factual account of the Commission's actions in approving the plat and asserted that the Commission had failed to make certain "findings." *Id.* at 165, 299 N.E.2d at 226. Such was the case here.

Although Schmitt's petition did not specifically allege that the Commission violated Section 707(b) when it failed to provide "written findings that set forth its reasons" for denying primary plat approval, Schmitt initially asserted that the Commission's action was "illegal." *See* I.C. § 36–7–4–707; Record at 14. Further, as in *Dellinger,* Schmitt's petition included not only allegations of illegality but also the factual background of the Commission's action. Finally, and most significantly, the petition stated that Schmitt had complied with the subdivision control ordinance and other relevant ordinances and statutes, and that the Commission had made *"no finding* to the contrary." Record at 14 (emphasis added).

We conclude that Schmitt properly specified the "illegality" of the Commission's ac-

tion in its petition for writ of certiorari. Thus, we cannot say that the trial court abused its discretion when it granted Schmitt's petition and issued a writ to the Commission to review its decision.

### Issue Two: Approval of Plat

Cundiff next contends the trial court abused its discretion when it vacated the Commission's decision and ordered it to enter and record primary plat approval in favor of Schmitt. Cundiff maintains that the Commission's decision to deny approval should have been upheld because it was based on the standards in the subdivision control ordinance and was supported by sufficient evidence of probative value. Schmitt responds that the trial court's judgment was correct because the Commission failed to enter written findings of fact as required under Section 707 and as mandated by the court on remand. We agree with Schmitt.

■ As we have noted, whether the Commission grants or denies primary plat approval of a proposed subdivision, it is required by statute to issue "written findings" which support its decision. I.C. § 36–7–4–707. In *Schenkel v. Allen County Plan Comm'n* (1980), Ind.App., 407 N.E.2d 265, we discussed the Plan Commission's failure to make written findings:

> The Plan Commission, like other administrative bodies, has a duty to state the findings of fact upon which its decision is predicated. The fact-finding requirement rests on sound judicial policy. [T]he requirement serves at least five important purposes:
>
> (1) to facilitate judicial review;
>
> (2) to avoid judicial intrusion into the administrative fact-finding process;
>
> (3) to aid parties in the preparation of their case for judicial review;
>
> (4) to assure careful consideration of the facts by administrative bodies; and
>
> (5) to insure that administrative bodies remain within their jurisdiction.

*Id.* at 270 (citations omitted). In other words, written findings are necessary to insure adequate judicial review of administrative decisions. *Holmes v. Bd. of Zoning Appeals* (1994), Ind.App., 634 N.E.2d 522,

525. Thus, as we stated in *Holmes*, the responsibility to make written findings of fact also "exists independently of statute." *Id.*

■ In the present case, Schmitt maintained and the trial court found in issuing its remand order that the Commission failed to adopt any findings upon denying Schmitt's application. "Our courts ... have recognized that an administrative body's failure to state its findings of fact is not necessarily grounds for reversal of its decision." *Schenkel*, 407 N.E.2d at 270. "Rather, noncompliance with the fact-finding requirement will generally warrant only a remand of the cause to the administrative body so that it might correct the omission." *Id.; see Holmes*, 634 N.E.2d at 525.

The trial court followed that procedure. The only evidentiary materials that the Commission supplied to the trial court in its return of the writ of certiorari were the minutes and transcript from the October 26, 1993 meeting where the Commission voted to deny primary plat approval. The minutes provided only a brief summary of how each commission member voted on Schmitt's application, and the transcript merely showed a more detailed version of the actual roll call vote. The record clearly demonstrates that the Commission did not vote to adopt any written findings of fact, as an administrative body, at its October meeting. Accordingly, as Cundiff seems to concede on appeal, the trial court properly entered a remand order and required the Commission to make written findings which specifically indicated Schmitt's noncompliance with the subdivision control ordinance. *See* Brief of Appellant at 26.

Thereafter, the Commission responded to the remand order by submitting its "supplemental findings" which included the minutes and transcript of its February 22, 1994 meeting. Record at 389. At that meeting, three Commission members who had previously voted against approval of the plat individually stated the reasons for their vote on the record and, in some instances, pointed to specific language in the ordinance. In addition, three other members submitted separate written statements indicating the rea-

sons for their vote. Again, the Commission did not adopt any findings as an entire body.

Nevertheless, Cundiff asserts that the Commission's "supplemental findings" filed with the trial court upon remand, in addition to its previously submitted minutes and transcript, were sufficient to comply with the Commission's duty under Section 707. Indeed, Cundiff maintains that the trial court "obviously believed that [the Commission] was required to enter findings of fact and conclusions of law" and, thus, because "no such requirement exists" the court erroneously reweighed the evidence. Brief of Appellant at 28. Cundiff is incorrect.

The Commission was afforded three opportunities to enter written findings of fact which enunciated its reasons for disapproving Schmitt's application, as required by Section 707. However, the Commission failed to make any findings as an administrative body (1) after its final vote, (2) on return of the writ of certiorari or (3) upon remand from the trial court, after the court had given it specific instructions to enter adequate findings. Rather, the Commission merely submitted the individual testimony of six Commissioners who voted against Schmitt's application. This was inadequate. *See* I.C. 36-7-4-302; *Carter v. Allen* (1994), Ind.App., 631 N.E.2d 503, 509 n. 4 ("the testimony of two Commissioners is inadmissible to prove the legislative intent of the full body."); *Boffo v. Boone County Bd. of Zoning Appeals* (1981), Ind.App., 421 N.E.2d 1119, 1128 (quoting *Carlton v. Bd. of Zoning Appeals* (1969), 252 Ind. 56, 62, 245 N.E.2d 337, 342 ("we rely on the finding of the entire Board set out in the minutes ...," rather than on individual member's vote forms). Thus, we conclude that the trial court's order mandating primary plat approval for Schmitt, based on its determination that the Commission's supplemental findings on remand were inadequate, was a proper exercise of the trial court's discretion. *See Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, 1132 ("Due process demands that there be a point beyond the initial remand where the judiciary no longer must defer to administrative independence.").

This result is in accord with our previous holdings that a trial court's discretion includes the authority to reverse an administrative decision and to mandate approval of a proposed subdivision plat. In *Tippecanoe County Area Plan Comm'n v. Sheffield Developers, Inc.* (1979), 181 Ind.App. 586, 394 N.E.2d 176, we held that the trial court did not abuse its discretion when it mandated immediate approval of a proposed plat when the Plan Commission had a "clear legal duty" to do so but had failed to render a decision after four votes. *Id.* at 595, 394 N.E.2d at 182. We agreed with the trial court's reasoning that the Plan Commission's failure to give preliminary approval was an "arbitrary and unjustifiable abuse of discretion." *Id.* at 599, 394 N.E.2d at 184.

In *Sheffield,* we followed our supreme court's opinion in *Knutson v. State ex rel. Seberger* (1959), 239 Ind. 656, 157 N.E.2d 469, where the court similarly affirmed the trial court's judgment ordering the town board of Dyer, Indiana, to approve a proposed subdivision plat. *Id.* at 659, 157 N.E.2d at 471. The supreme court concluded in *Knutson* that approval of a plat which met the requirements of the applicable ordinance constitutes a ministerial as opposed to a discretionary act and, thus, was enforceable by the trial court. *Id.* Generally, if the proposed plat meets the "concrete standards" of the subdivision control ordinance, then "the approval or disapproval of the plat on the basis of the controlling standards is a ministerial act." *Id.*

Here, in contravention of the trial court's remand order, the Commission failed to present the court with any findings which it adopted to indicate how Schmitt's application did not satisfy the concrete standards of the subdivision control ordinance. *See* Record at 508–09. Indeed, the evidence presented to the court showed that both the City Engineer and the Building Commissioner had approved the plat as in compliance with the ordinance. The only evidence before the court in opposition to Schmitt's application was testimony by Cundiff and other adjacent landowners contained in the Commission minutes from the September and October meetings. Although adverse testimony from adjacent landowners may assist the Commission in its fact finding function, it is "irrele-

vant in establishing whether a plat complies with a master plan, ordinances, and statutes." *Johnson County Plan Comm'n v. Ramshead Corp.* (1984), Ind.App., 463 N.E.2d 295, 303.

Finally, Cundiff argues that our decision in *Burrell v. Lake County Plan Com'n* (1993), Ind.App., 624 N.E.2d 526, *trans. denied,* controls here and permitted the Commission wide discretion to deny primary plat approval to Schmitt based on certain language in the local subdivision control ordinance. *Id.* at 530. While we agree with Cundiff that there are similarities between this case and *Burrell,* Cundiff's argument is misplaced. The Plan Commission in *Burrell* complied with the trial court's remand order and entered extensive findings of fact. In contrast, the Commission here failed to enter any findings and, thus, its decision was not founded on "a reasonably sound basis of evidentiary support." *See id.* at 534. Therefore, Schmitt was entitled to relief as a matter of law. *See Yater,* 614 N.E.2d at 570.

The trial court's judgment is affirmed.

BAKER and CHEZEM, JJ., concur.