**Hans MARKLAND, Appellant,**

**v.**

**JASPER COUNTY PLANNING AND DEVELOPMENT DEPARTMENT, Eldon Risner, Hazel Risner, Raymond Risner, and Joyce Risner, Appellees.**

No. 37A04–0410–CV–557.

Court of Appeals of Indiana.

June 9, 2005.

Robert D. Epstein, Epstein Cohen Donahoe & Mendes, Indianapolis, Ned J. Tonner, Law Office of Ned Tonner, Rensselaer, for Appellant.

Lawrence A. Vanore, Bradley R. Sugarman, Sommer Barnard, Indianapolis, for Appellees.

## OPINION

DARDEN, J.

### STATEMENT OF THE CASE

Hans Markland appeals the trial court's order affirming the approval by the Jasper County Advisory Planning Commission ("the Commission") of the application submitted by Eldon Risner, Hazel Risner, Raymond Risner, and Joyce Risner ("the Risners") for development of their planned subdivision.

We affirm.

### ISSUE

Whether the trial court erred in not finding that the Commission improperly granted approval to the Risners' application for development of the subdivision.

### FACTS

On January 30, 2002, the Risners submitted to the Commission an application to develop a subdivision of fifteen homes. The Commission held three public meetings regarding this initial application. Neighbors, including Markland, voiced concerns about drainage. At the third meeting, on April 15, 2002, the Commission denied the Risners' application, citing *inter alia* the need for a better plan for the subdivision's drainage.

On May 1, 2002, the Risners submitted a new application. By notices to adjoining landowners and newspaper publication, a public Commission meeting on the application was scheduled for May 20, 2002. At the May 20th meeting, the Risners asked that consideration of their application be continued in order for them to submit their new drainage plan to the Drainage Board. The Commission agreed to continue the application and announced that it would be considered at their June 17, 2002 meeting.

On May 6, 2002, the Drainage Board considered the Risners' subdivision plan and approved its drainage plan. On June 13, 2002, counsel for Markland asked that consideration of the Risners' application scheduled for June 17th be continued for sixty days in order for Markland to obtain an engineering report as to drainage issues. At the June 17th meeting, the Commission proceeded to consider the Risners' application. The Commission was informed that the revised drainage plan had added a retention pond, that the revised drainage plan had been approved by the Drainage Board, and that the Technical Advisory Committee's requested changes to the Risners' subdivision plan had been made. Various individuals spoke on the matter. Markland told the Commission that drainage was "a problem" in the area. (Markland's App. 134). The Commission found "that the addition of a retention pond satisfie[d] the Commission's concerns for adequate drainage and surface water control." (Markland's App. 89). The Commission then granted primary approval, by a unanimous vote, to the Risners' subdivision application. On July 15, 2002, the Commission unanimously granted secondary approval for the application.

On July 16, 2002, Markland filed his petition for writ of certiorari, asking the trial court "to review the action of the [Commission] in approving" the Risner subdivision plan. (Markland's App. 36). Markland alleged that the approval was improper for five reasons:

(1) "No formal technical review committee was ever convened to review the subdivision request."

(2) "The adjacent property owners were not notified and did not participate in the drainage hearing."

(3) "No input from adjacent property owners was sought or attained [sic] by the technical review committee."

(4) A ditch which "transverses [Markland]'s property and the Risner's [sic] property" had not been maintained.

(5) Risners had "failed to commit to dredge" the ditch "and to further commit to widen the channel required by the increased use of the ditch' by the planned subdivision."

(Markland's App. 38–39).

On August 15, 2003, the trial court granted Markland's petition and ordered the Commission to submit the record of proceedings as to the approval of the subdivision plan. The record was filed on November 17, 2003. On December 29, 2003, Markland filed his brief in support of his petition. Therein, Markland argued two issues as to the asserted improper approval of the subdivision plan. "The first issue" he argued was that the "Commission abused its discretion when it denied Markland's motion to continue" the June 17th hearing. (Commission's App. 79). Markland's brief argued that the "second issue" was

that the Commission abused its discretion when it granted the Risner's [sic] subdivision plan because there is no evidence that the Technical Advisory Committee conducted any examination of the sufficiency of the subdivision plan, that the Technical Advisory Committee submitted any findings to the [Commission], or that the [Commission] considered any such findings in its review of the subdivision plan, as required by the Jasper County Subdivision Code. Furthermore, the Commission has presented no evidence to show that the Director of Planning and Development reviewed the Risner's [sic] subdivision plan to ensure that adequate drainage would be provided to reduce exposure to flood hazard, as required by the Jasper County Subdivision Code.

(Commission's App. 79). The Commission submitted a brief responding to these arguments, citing the record submitted and Subdivision Code provisions concerning the Technical Advisory Committee and submitting an affidavit from the Director of Planning and Development averring various actions of compliance with the Code. Markland filed a reply brief, in which he argued two issues: (1) that the Commission had

> violated its procedural obligations by failing to legally publish notice as well as notify all adjoining landowners of the continuance of the May 20, 2003 hearing

and (2) that the record failed to show that the Commission had complied with the obligations of the Subdivision Code regarding the Technical Advisory Committee. (Commission's App. 105).

On August 31, 2004, the trial court issued its findings of fact[1] and conclusions of law. It addressed Markland's serial allegations of various improprieties in the Commission's approval of the subdivision plan, finding each to be unavailing. The trial court concluded that the action of the Commission "was not arbitrary, capricious or an abuse of discretion and substantially complied with the appropriate ordinances and laws," and it affirmed the Commission's decision approving the Risners' subdivision plan. (Order 9).

### DECISION

■ One who appeals the decision of a plan commission approving a subdivision plan bears the burden of demonstrating to the reviewing trial court that the commission's conclusions are clearly erroneous.

*Cundiff v. Schmitt Dev. Co.*, 649 N.E.2d 1063, 1066 (Ind.Ct.App.1995), (quoting *Yater v. Hancock County Planning Comm'n*, 614 N.E.2d 568, 570 (Ind.Ct.App.1993), *trans. denied, cert. denied* 511 U.S. 1019, 114 S.Ct. 1401, 128 L.Ed.2d 73). The reviewing court may vacate the commission's decision "only if the evidence, when viewed as a whole, demonstrates that the conclusions reached by it are clearly erroneous." *Id.* Such a standard is one of "great deference toward" the commission by the reviewing court when the challenge is to findings of fact or the application of the facts to the law. *Id.* However, review of a claimed error of law is *de novo.* *Id.*

■ At the next step, when the appellate court considers the appeal of that commission's decision, we are bound by the same standard as the reviewing trial court. *Id.* There is a presumption that determinations of the plan commission, as an administrative agency with expertise in the area of subdivision plan problems, are correct and should not be overturned unless they are arbitrary, capricious, or an abuse of discretion. *Id.* Thus, the appellate court does not conduct a trial *de novo,* and it may not substitute its decision for that of the commission. *Id.* If the commission's decision is correct on any grounds stated for the approval, its decision should be sustained. *Id.*

■ Markland first argues that the Technical Advisory Committee violated Indiana's Open Door Laws. He directs us to the Commission's statement finding that "[a]fter an open door meeting and full

---

1. The trial court's order contains a series of "findings" that Markland's brief characterizes as substantive findings of fact. However, these initial "findings" in the order are simply restatements of Markland's various allegations of error, *e.g.,* "that the Commission abused its discretion by ...," "that the Commission violated ...," "that the Commission has not provided ...," "that the Commission failed to ....," and "that the Risners have failed to ...." Thereafter, it considers each allegation and then "find[ ]" certain facts as to it. The latter are the substantive "findings of fact."

review, the Technical Advisory Committee determined that the Risners' application technically conformed to the requirements, principles, and standards of design contained in the Subdivision Code." (Markland's Br. at 6, citing Markland's App. 87–88). Markland then asserts that the record lacks evidence that the Committee gave notice of its meeting or created "minutes or memoranda" for the Commission. Markland's Br. at 6.

As the Commission correctly notes, Markland did not raise this issue with the trial court. The trial court did address Markland's assertion "that the Commission did not provide any evidence that a technical review committee ever met or reviewed the Risners' drainage plan, from a technical standpoint, including the drainage impact on adjoining property." (Order 4–5).[2] Based upon the fact that as petitioner, Markland bore the burden of demonstrating the Commission's failure to comply with the Subdivision Code, the trial court found Markland's assertion unavailing. Further, we note that the affidavit by the director of Jasper County Planning and Development, a member of the Technical Advisory Committee, stated that the Committee met on May 30, 2002 and "determined that the Risners' application complied with the requirements of" the Subdivision Code, and that she informed the Commission thereof. (Commission's App. 101).

■ Markland would now have us consider an entirely new assertion about the efficacy of action by the Technical Advisory Committee. As we held in *Van-Scoik v. Kosciusko County Bd. of Zoning Appeals*, 598 N.E.2d 594, 596 (Ind.Ct.App. 1992), *trans. denied*, an issue not raised in the writ of certiorari to the reviewing trial court is waived for appellate review.

Moreover, this issue was not even argued to the trial court, and the general rule is that a matter may not be raised for the first time on appeal. *See McGill v. Ling*, 801 N.E.2d 678, 687 (Ind.Ct.App.2004), *trans. denied.*

■ Further, as cited by Markland, Indiana's Open Door Law applies to "official action of public agencies" and the "governing body of a public agency." Ind. Code §§ 5–14–1.5–1, and –4. The Subdivision Code established the Technical Advisory Committee, which consists of the president of the Commission, the director of Planning and Development, the county surveyor, the county highway superintendent, the county engineer, the Commission attorney, and the Commission consultant, and directed that it should "examine each application when street and utility improvements are involved and determine if the proposed improvements meet the requirements" of the Subdivision Code, and then report its findings in that regard to the Commission. (Markland's App. 59). Thus, the Technical Advisory Committee performs an examination of the "street and utility" components of a proposed subdivision and reports thereon to the Commission, but the decision to grant approval to a subdivision plan is made by the Commission. (Markland's App. 59, 62). As the trial court noted with respect to Markland's earlier argument about the Committee, Markland's "complaint involve[d] drainage and not the streets and utilities," making any argument about the Committee's action "not relevant" to the review sought by Markland. (Order 5). In sum, we find that Markland's appellate arguments about application of the Open Door Law fail to demonstrate that the Commis-

---

**2.** Markland's appellate argument seems somewhat contrary to his argument to the trial court in that he now refers to evidence that the Committee did meet.

sion's approval determination was clearly erroneous.

■ Markland next argues that the Commission's approval cannot be sustained because "there is no evidence that the technical advisory committee ever met." Markland's Br. at 7. In his argument above, he directed us to the Commission's finding that "[a]fter an open door meeting and full review, the Technical Advisory Committee determined the Risners' application technically conformed to the requirements ...." *Id.* at 6 (quoting Markland's App. 87). Further, the affidavit by the director of Jasper County Planning and Development, a member of the Technical Advisory Committee, stated that the Committee met on May 30, 2002. (Commission's App. 101). We cannot find that the trial court erred when it concluded that the Commission's approval was not clearly erroneous based upon Markland's argument about the Committee's failure to meet. *Cundiff,* 649 N.E.2d at 1066.

■ Markland next argues that the Commission's approval of the subdivision plan should be found to be an abuse of discretion because it "should have granted" his request for a continuance of the June 17th meeting. Markland's Br. at 8. He presents no authority in this regard. In addressing this contention, the trial court noted evidence that at the June 17th hearing, one of the Commissioners observed that Markland had had "enough time to prepare for the hearing" because he been involved in opposing the subdivision plan for at least six months. (Order 6). The trial court also found that by the time of the June 17th hearing, the Risners' drainage plan had already been approved by the drainage board, and it cited the Drainage Board's statutory duty to review and approve subdivision drainage plans. *See* I.C. § 36–9–27–69.5. The trial court then found "a total lack of any evidence to

support [Markland]'s contention that the Commissioners abused their discretion by failing to grant [Markland]'s request for a continuance of the hearing." (Order 7). Because the evidence supports the trial court's finding that there was no abuse of discretion when the Commission did not grant Markland's request for a continuance, we do not find the trial court's conclusion erroneous.

■ Finally, Markland argues that the trial court's findings of fact, conclusions of law, and judgment are inconsistent, erroneous, and not supported by the record. In this regard, he again directs us to the trial court's initial "findings," as discussed in footnote 1. We have already noted that these statements are not substantive findings but the trial court's summary listing of Markland's assertions of error. The trial court reviewed the record of the proceedings before the Commission on the Risners' subdivision plan. That record evidenced properly noticed public meetings on the subject, compliance with the technical requirements of the Subdivision Code, the approval by the Drainage Board of the drainage plan for the subdivision, review of the street and utility plan by the Technical Advisory Committee, and the ultimate approval of the subdivision plan by the Commission. The trial court found that Markland had failed to demonstrate that the Commission's action was arbitrary, capricious or an abuse of discretion or that it failed to substantially comply with the appropriate ordinances and laws. We find no error in that conclusion.

Affirmed.

MAY, J., and BARNES, J., concur.