**KOSCIUSKO COUNTY AREA PLAN COMMISSION, Appellant–Respondent,**

v.

**1st SOURCE BANK, Appellee–Petitioner.**

**No. 43A05–0308–CV–413.**

Court of Appeals of Indiana.

March 18, 2004.

Michael W. Reed, Reed & Earhart, P.C., Warsaw, IN, Attorney for Appellant.

## OPINION

ROBB, Judge.

The Kosciusko County Area Plan Commission ("APC") appeals from the trial court's reversal of the APC's decision to deny preliminary subdivision plat approval to 1st Source Bank. We reverse and remand.

### Issue

The APC presents one issue for our review, which we restate as whether the trial court properly reversed the APC's decision rejecting preliminary plat approval and mandated the APC to approve the subdivision plat.

### Facts and Procedural History

1st Source Bank was the owner of real estate zoned for residential purposes located in Kosciusko County, Indiana. The property was located on the east side of Packerton Road, a heavily traveled county road. 1st Source applied to the APC to receive preliminary subdivision plat approval for a proposed subdivision of its property. The subdivision plat provided for a six-lot development with six separate private drives for access onto Packerton Road.

The APC rejected 1st Source's preliminary subdivision plat for several reasons, including too many access points onto Packerton Road, the reliance on private drives rather than an interior road, and drainage issues. The APC recommended that the plat be redesigned with an interior road, which would allow at most two access points onto Packerton Road.

1st Source made some minor changes to the plat and filed its second request for preliminary subdivision plat approval. The APC held a public hearing and subsequently denied preliminary approval for the plat. Specifically, the APC found that the proposed subdivision plat did not conform with the Kosciusko County Subdivision Control Ordinance Section 503 ("Section 503") for the following reasons: (1) the plat relied on private drives rather than interior roads; and (2) there were too many access points onto Packerton Road. The APC again instructed 1st Source to revise the proposed subdivision plat so that there would be only one or two access points onto Packerton Road via an interior road.

1st Source filed a Petition for Writ of Certiorari with the trial court, requesting that the trial court overturn the APC's decision denying plat approval to 1st Source. After granting the petition, the trial court conducted a hearing and reversed the APC's decision. The trial court mandated the APC to approve the subdivision plat as proposed, with only two points of access onto Packerton Road, but no interior roadways. This appeal ensued.

### Discussion and Decision

In reversing the decision of the APC, the trial court found that Section 503 was invalid because it did not provide concrete standards and thus failed to provide due process. Having found that all of the other requirements under the Kosciusko County Subdivision Control Ordinance were met, the trial court ordered that the APC approve 1st Source's proposed subdivision plat. The APC contends the trial court erred in finding that Section 503 was invalid. We agree.

### I. Standard of Review

■ We note at the outset that 1st Source failed to file an appellee's brief. Therefore, we adhere to a less stringent standard of review, and the APC need only demonstrate prima facie error to obtain a reversal. *Cunningham v. Cunningham*, 787 N.E.2d 930, 934 (Ind.Ct.App.2003). Indiana Code section 36–7–4–1016 provides that a final decision of a plan commission relating to subdivision control may be re-

viewed by certiorari procedure in the same manner as that provided for when appealing a decision of a board of zoning appeals. When a party on appeal alleges that the trial court has erred in its Conclusions of Law, we review the matter de novo. *Bd. of Comm'rs of County of Vanderburgh v. Three I Props.*, 787 N.E.2d 967, 976 (Ind. Ct.App.2003).

## II. Validity of the Ordinance

■■■■ An ordinance should be interpreted so as to uphold its validity whenever possible. *Burrell v. Lake County Plan Comm'n*, 624 N.E.2d 526, 529 (Ind.Ct. App.1993), *trans. denied.* In order to be valid, however, an ordinance must be precise, definite, and certain in expression. *Id.* We will not construe an ordinance so as to defeat its purpose if the ordinance is sufficiently definite, such that it can be understood with reasonable certainty. *Id.* Additionally, standards required by an ordinance must be written with sufficient precision so as to give fair warning as to what the plan commission will consider in making its decision. *Id.* at 531.

Section 503 provides in part:

*Streets:* The Plan Commission shall not approve any plat unless all streets shown on it shall be of sufficient width and proper grade and shall be so located as to accommodated [sic] the problem [sic] volume of traffic thereon, provide access of fire fighting equipment to buildings, and *provide a coordinated system of streets conforming to the County Transportation Plan.*

Appendix of Appellant at 106 (emphasis added). The County Transportation Plan provides the following "objectives":

Limit the number of points going onto County roads that might excessively impair the efficiency or safety of the road system (County Roads) . . .

Create limited accesses along primary county roads, to restrict "strip development" and traffic hazards . . .

The County should restrict residential development which depend on private drives . . .

Appendix of Appellant at 109, 116.

In *Wolff v. Mooresville Plan Comm'n*, 754 N.E.2d 589 (Ind.Ct.App.2001), we upheld an ordinance that contained the following language:

[N]o land shall be subdivided for residential use unless adequate access to the land over improved streets or thoroughfares exists or will be provided by the subdivider, or if such land is considered by the commission to be unsuitable for such use by reason of flooding or improper drainage, objectionable earth and rock formation, topography, or any other feature harmful to the health and safety of possible residents and the community as a whole.

*Id.* at 592–93. We concluded that the ordinance was sufficiently precise because it listed several things that would be considered when the plan commission decided to approve or deny a plat application. *Id.* at 593. We earlier approved identical ordinance language in *Brant v. Custom Design Constructors Corp.*, 677 N.E.2d 92 (Ind.Ct. App.1997).

■■■ Similarly, Section 503 lists several things that the APC considers when deciding to approve or deny a plat application. This list includes the following: (1) whether streets are of sufficient width and proper grade; (2) whether streets are so located as to accommodate the probable volume of traffic thereon; (3) whether streets provide access of fire fighting equipment to buildings; and (4) whether streets conform to the County Transportation Plan, which also includes a list of objectives. This list is sufficiently precise to give fair warning to the public as to what the plan commis-

sion would consider in approving or denying a plat application. Therefore, Section 503 is valid and the APC was justified in relying upon it to deny 1st Source's petition for plat approval.

### Conclusion

Because we hold Section 503 is valid, we reverse the trial court's decision and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, J., and RATLIFF, Sr.J., concur.